**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MONTRES BREGUET S.A., BLANCPAIN S.A., GLASHÜTTER UHRENBETRIEB GmbH, MONTRES JAQUET DROZ S.A., OMEGA S.A., COMPAGNIE DES MONTRES LONGINES, FRANCILLON S.A., TISSOT S.A., MIDO S.A., HAMILTON INTERNATIONAL S.A. and SWATCH S.A., <br><br> Plaintiffs, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO. LTD., and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Civil No. 1:19-cv-1708-LAP-KNF <br><br> **SECOND AMENDED COMPLAINT FOR FEDERAL TRADEMARK COUNTERFEITING, FEDERAL AND STATE TRADEMARK INFRINGEMENT, FEDERAL AND STATE UNFAIR COMPETITION, AND STATE UNFAIR BUSINESS PRACTICES** <br><br> **Demand for Jury Trial** |

Plaintiffs Montres Breguet S.A., Blancpain S.A., Glashütter Uhrenbetrieb GmbH, Montres Jaquet Droz S.A., Omega S.A., Compagnie des Montres Longines, Francillon S.A., Tissot S.A., Mido S.A., Hamilton International S.A. and Swatch S.A. (collectively, the "Swatch Group Companies"), by their undersigned attorneys, allege as follows:

**NATURE OF THE ACTION**

1. This action arises from Defendants' continuing violation of the Swatch Group Companies' invaluable federally-registered trademarks relating to high-quality, Swiss-made watches that the Swatch Group Companies sell to consumers in the United States and worldwide.

2. For decades, the Swatch Group Companies have invested many millions of dollars to design, develop, manufacture and promote their unique and exclusive watches in the United States and around the world. Those watches are sold under exclusive and famous brand names, including Blancpain, Breguet, Glashütte, Hamilton, Jaquet Droz, Longines, Mido,

1

Omega, Swatch, and Tissot. As a result of those extensive efforts, the Swatch Group Companies' products have become iconic symbols of quality and Swiss precision engineering.

3. The Swatch Group Companies own numerous federal trademark registrations related to their watches, including the trademarks asserted against Samsung in this action (the "Trademarks").

4. Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (collectively, "Defendants" or "Samsung") manufacture and sell smartwatches, including the Samsung GEAR SPORT, GEAR S3 FRONTIER, GEAR S3 CLASSIC, GALAXY WATCH (42mm), and GALAXY WATCH (46mm) (collectively, the "Samsung Smartwatches").

5. One of the decisive features of the Samsung Smartwatches is the fact that the end user can customize the appearance of the user's watch, by choosing from a catalog of downloadable watch faces offered by Defendants through the Samsung Galaxy Store, an online app store dedicated for devices manufactured by Samsung and its affiliated companies.

6. Defendants offer numerous watch faces that bear identical (or virtually identical) marks to the Trademarks. This unabashed copying of the Trademarks can have only one purpose – to trade off the fame, reputation, and goodwill of the Swatch Group Companies' products and marks built painstakingly over decades. As a result of Defendants' actions, consumers and the general public are deceived into believing that the Samsung Smartwatches are actually products of the Swatch Group Companies or are endorsed by, sponsored by, or affiliated with the Swatch Group Companies.

7. Moreover, many of the watch faces that Defendants offer misappropriate not only the Trademarks, but also the Swatch Group Companies' exclusive designs.

8.    The Swatch Group Companies seek injunctive relief, damages, and other relief arising out of Defendants' ongoing trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(c), the common law of trademarks and unfair competition, and New York law.

**PARTIES**

9.    Plaintiff Montres Breguet S.A. is a Swiss corporation and maintains its principal office at Place de la Tour 23, CH-1344 L'Abbaye, Switzerland.

10.    Plaintiff Blancpain S.A. is a Swiss corporation and maintains its principal office at Le Rocher 12, CH-1348 Le Brassus, Switzerland.

11.    Plaintiff Glashütter Uhrenbetrieb GmbH is a German corporation and maintains its principal office at Altenberger Str. 1, D-01768 Glashütte, Germany.

12.    Plaintiff Montres Jaquet Droz S.A. is a Swiss corporation and maintains its principal office at Allée du Tourbillon 2, CH-2300 La Chaux-de-Fonds, Switzerland.

13.    Plaintiff Omega S.A. is a Swiss corporation and maintains its principal office at Jakob-Stämpfli-Strasse 96, CH-2502 Biel/Bienne, Switzerland.

14.    Plaintiff Compagnie des Montres Longines, Francillon S.A. is a Swiss corporation and maintains its principal office at Rue des Noyettes 8, CH-2610 St-Imier, Switzerland.

15.    Plaintiff Tissot S.A. is a Swiss corporation and maintains its principal office at Chemin des Tourelles 17 CH-2400 Le Locle, Switzerland.

16.    Plaintiff Mido S.A. is a Swiss corporation and maintains its principal office at Chemin de Tourelles 17,CH-2400 Le Locle, Switzerland.

17.    Plaintiff Hamilton International S.A. is a Swiss corporation and maintains its principal office at Mattenstrasse 149, CH-2503 Biel/Bienne, Switzerland.

18.     Plaintiff Swatch S.A. is a Swiss corporation and maintains its principal office at Jakob-Stämpfli-Strasse 94, CH-2502 Biel/Bienne, Switzerland.

19.     Upon information and belief, Samsung Electronics Co., Ltd. ("SEC") is a corporation organized under the laws of the Republic of Korea, with a principal place of business at 129, Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, Korea.  Upon information and belief, SEC is the parent company of a multinational group operating, among other things, in the development, manufacture, marketing and sale of smartwatches and software, apps, and other products directed toward those smartwatches.  Upon information and belief, SEC is the parent company of Samsung Electronics America, Inc.

20.     Upon information and belief, Samsung Electronics America, Inc. ("SEA") is a wholly-owned subsidiary of SEC and a limited liability company organized under the laws of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.  Upon information and belief, SEA develops, markets, and/or procures the importation of various personal and business communications products in or into the United States, including handheld wireless phones and smartwatches, including the Samsung Smartwatches for which Defendants offer downloadable watch faces that infringe numerous of the Trademarks.  Upon information and belief, SEA operates the website www.samsung.com for the benefit of U.S. consumers.

## JURISDICTION AND VENUE

21.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademark claims), 28 U.S.C. § 1338(b) (unfair competition claims joined with trademark claims), and 28 U.S.C. § 1367 (supplemental jurisdiction).

22.     This Court has personal jurisdiction over Defendants.  Defendants have continuous and systematic business contacts with the State of New York.  Defendants, directly or

through subsidiaries or intermediaries (including distributors, retailers, and others), conduct business extensively throughout New York, by shipping, distributing, offering for sale, selling, and advertising their products and services in the State of New York.  Defendants, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), have purposefully and voluntarily placed the infringing watch faces that are the subject of this Complaint, along with the smartwatches to which the infringing watch faces may be downloaded, into this District and into the stream of commerce with the intention and expectation that they will be purchased and used by consumers in this District.

23.    Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c) and § 1400(a) because:  (1) Defendants are subject to personal jurisdiction in this District with respect to this action, as described above; and (2) upon information and belief, a substantial portion of the infringement alleged herein has occurred in this District.  In addition, with respect to Defendant SEC, venue is proper in this District under 28 U.S.C. § 1391(c)(3).

<u>**FACTUAL ALLEGATIONS**</u>

**A.    Swatch Group Companies' Iconic Brands and Products**

24.    The Swatch Group Companies are subsidiaries of The Swatch Group Ltd., which is among the largest manufacturers of finished watches in the world.

25.    The Swatch Group Ltd. takes its name from the famous Swatch watch models released in 1983, with the goal of offering consumers a low-cost, high-tech, artistic and emotional "second watch", or "Swatch," as a brand.

26.    Today, The Swatch Group Ltd. includes 18 watch brands and is a US $8 billion company.  This success is the result of an enormous investment in the various brands.  Some of these brands have been in existence since the 1700s, and all of them are well-known and have a

5

well-regarded reputation for quality, built over centuries of fine craftsmanship.  The Swatch

Group Ltd. brands, which span a wide range of price categories, include:

- Breguet, Harry Winston, Blancpain, Glashütte Original, Léon Hatot, Jaquet Droz, and Omega in the prestige and luxury ranges;

- Longines, Rado, and Union Glashütte in the high range;

- Tissot, Calvin Klein[1], Certina, Mido, Hamilton, and Balmain in the middle range; and

- Swatch and Flik Flak in the basic range.

27.    Like the Swatch brand itself, these brands are some of the most famous,

recognizable, and highest quality watch brands in the world, including the United States.  For

example:

- Founded in 1832, OMEGA has been worn and promoted by celebrities, including George Clooney, Nicole Kidman, Cindy Crawford, Daniel Craig, Rory McIlroy, Sergio Garcia, and Michael Phelps, among others.  OMEGA has served as the Official Timekeeper of the Olympic Games since 1932.  Since 1965, the OMEGA Speedmaster has been worn on each of NASA's piloted missions including all six moon landings.  OMEGA Seamaster has been associated with the world-renowned James Bond character since 1995.

- Founded in 1832, the Compagnie des Montres Longines, Francillon S.A. is the oldest trademark still in use in its original form registered with the World International Property Organization.  Longines has been designated the official partner and timekeeper of international federations and sporting events throughout the world, including as the Official Watch and Timekeeper of the Triple Crown,

---

[1] Calvin Klein watches are produced under license.

an annual series of three prominent U.S. equestrian racing events.  Longines is also famous for its association with some of the historic events in aviation, including its role in timing the first non-stop solo flight across the Atlantic by Charles Lindbergh.

- Tissot has been in existence since 1853, and has been named the Official Timekeeper and Partner of many global events, such as NBA basketball and the Tour de France.

- Hamilton was founded in 1892, and has come to be known as the "Movie Brand," owing to its close association with Hollywood.  Hamilton watches first appeared on screen in the major Hollywood movie "The Frogmen" in 1951, and have since appeared in over 500 major feature films, including "Interstellar" and "The Martian."

**B.     Swatch Group Companies' Valuable Intellectual Property Rights**

28.     The reputation of the Swatch Group Companies' iconic brand names and innovative designs are protected through a broad range of intellectual property rights, including trademarks, design patents, and copyrights.

29.     The Swatch Group Companies own numerous United States trademark registrations relating to their iconic brands, including the Trademarks asserted in this action, which comprise the following:

| OWNER | TRADEMARKS | REGISTRATIONS | |
|---|---|---|---|
| Montres Breguet S.A. | BREGUET (WORD) | US3042405 | cl.14 |
| Blancpain S.A. | BLANCPAIN (STYLIZED)<br><br>**BLANCPAIN** | US1727428 | cl.14 |
| Glashütter Uhrenbetrieb GmbH | GLASHÜTTE ORIGINAL + logo (STYLIZED) | US2519207 | cl.14 |

| OWNER | TRADEMARKS | REGISTRATIONS | |
|---|---|---|---|
| | | | |
| Montres Jaquet Droz S.A. | JAQUET-DROZ (WORD) | US0725758 | cl.14 |
| | JAQUET-DROZ (WORD) | US5511973 | cl.14 |
| Omega S.A. | OMEGA (STYLIZED) | US0566370 | cl.14 |
| | OMEGA + Ω logo (STYLIZED) | US 5293695 | cl.9 |
| | | US0578041 | cl.14 |
| | | US5094915 | cl.14 |
| | | US1290661 | cl.14 |
| | Ω logo (STYLIZED) | US0734891 | cl.14 |
| | OMEGA + Ω logo + GLOBEMASTER (STYLIZED) | US5383161 | cl.14 |
| | DE VILLE (WORD) | US1309929 | cl.14 |
| | SPEEDMASTER (WORD) | US0672487 | cl.14 |
| | SEAMASTER (WORD) | US3640080 | cl.14 |
| | MOONWATCH (WORD) | US5211480 | cl.14 |
| | CO-AXIAL (WORD) | US4442192 | cl. 14 |
| | CO-AXIAL MASTER CHRONOMETER (WORD) | US5266563 | cl. 14 |
| Compagnie des Montres Longines, Francillon S.A. | LONGINES + device (STYLIZED) | US1377147 | cl.14 |
| | LONGINES (STYLIZED) | US0065109 | cl.14 |

8

| OWNER | TRADEMARKS | REGISTRATIONS | |
|---|---|---|---|
| Tissot S.A. | TISSOT (STYLIZED) **TISSOT** | US1639684 | cl.14 |
| | T TOUCH (STYLIZED) | US3653565 | cl.14 |
| | NAVIGATOR (WORD) | US1385183 | cl.14 |
| Mido S.A. | MIDO (STYLIZED) **MIDO** | US0225024 | cl.14 |
| | MULTIFORT (WORD) | US4431373 | cl.14 |
| | MIDO MULTIFORT (STYLIZED) | US0399480 | cl.14 |
| Hamilton International S.A. | HAMILTON (WORD) | US0741279 | cl.14 |
| | JAZZMASTER (WORD) | US4352777 | cl.14 |
| | KHAKI (WORD) | US1148416 | cl.14 |
| Swatch S.A. | SWATCH (WORD) | US5283243 | cl.9 |
| | | US5532619 | cl.9, 14 |
| | | US1671076 | cl.14 |

30.     Attached hereto as Exhibits 1-32 are true and correct copies of the registrations of these Trademarks.

31.     The Swatch Group Companies have made extensive use of the Trademarks in the United States in relation to watches sold under those marks.  As a consequence of such use, the Swatch Group Companies have acquired a substantial reputation and substantial goodwill in connection with watches under the Trademarks in the United States.

32.     The Swatch Group Companies have invested many millions of dollars in advertising and promoting their watches under the Trademarks in the United States, including

through marketing events, sponsorships, testimonials, corporate stores and advertisements in a wide variety of magazines and newspapers, on television, and on its websites and social-media accounts.

33. As a result of the Swatch Group Companies' substantial investment and many years of marketing and selling watches under the Trademarks in the United States, consumers in the United States have come to exclusively associate each of the Trademarks with the corresponding Swatch Group Companies' brand and products.

**C. Samsung Smartwatches**

34. Smartwatches are wearable computers in the form of wristwatch, comprising a wristband, a watchcase, and a screen (frequently a touchscreen). They are typically for daily use, and typically associated with a smartphone application ("app"), which permits management of the watch and enables other functionality such as emails, text messages, digital maps, schedulers and personal assistants and calculators. One primary function of a smartwatch is to tell time. In this function the smartwatch operates in substitution for a watch. The time may be displayed on a user-selectable choice of watch faces.

35. Both watches and smartwatches are worn on the wrist and tell the time as the, or a, primary function. Both watches and smartwatches have similar visible structural features including the watch face, case and watch strap. Users consider the appearance of both products to be important, and smartwatches are designed so that they closely resemble watches. The name "smartwatch" in part suggests that one of their main purposes and functions is to emulate a watch. Smartwatches are frequently sold through distribution channels also used for watch distribution. Consequently, smartwatches and watches are similar goods sold or offered for sale through similar channels.

36.    SEC, itself and through its affiliated companies (including SEA), manufactures and sells smartwatches worldwide, including for the United States market, commencing in 2013 with the Samsung GALAXY GEAR smartwatch and continuing since then.  Samsung currently offers for sale, in the United States, each of the Samsung Smartwatches.

37.    The Samsung Smartwatches are supplied with some basic watch faces and with the facility to choose from a catalogue of further watch faces downloadable by the end user via the Samsung Galaxy Store, which is owned and controlled by Samsung.

38.    Prior to February 22, 2019—the date on which the Swatch Group Companies filed this lawsuit—the Samsung Galaxy Store was called the "Samsung Galaxy Apps Store."  On information and belief, Samsung changed the name to "Samsung Galaxy Store" after the Swatch Group Companies filed this lawsuit.

39.    Samsung promotes and markets the Samsung Smartwatches among other things by reference to, and in reliance on, the fact that many watch faces are available for download. For example, Samsung tells users:  "**Two sizes.  Unlimited style.**  Available in two sizes and three colors, the Galaxy Watch offers stylish watch faces so realistic they hardly look digital." (www.samsung.com/us/mobile/wearables/smartwatches/galaxy-watch--46mm--silver--bluetooth--sm-r800nzsaxar).  Samsung also advertises:  "**Tailored to you.**  Make the Gear S3 your own. Customize your watch face, choosing from thousands of striking colors and designs." (www.samsung.com/us/mobile/wearables/smartwatches/sm-r770nzsaxar-sm-r770nzsaxar).

40.    The watch faces compatible with Samsung Smartwatches are available via the Samsung Galaxy Store.  To access the Samsung Galaxy Store and download watch faces, an end user must have a smartphone (but not necessarily a Samsung smartphone), a Samsung

Smartwatch connected to the smartphone, and an account with Samsung.  To connect the

smartphone with a Samsung Smartwatch, an end user must download the Samsung Wear app.

41.    Watch face apps distributed by Samsung via the Samsung Galaxy Store may be

created and uploaded by third party developers (*i.e.*, developers other than Samsung or its

affiliated companies).  Before a third-party developer can develop an app for a watch face for a

Samsung Smartwatch, and upload the app to the Samsung Galaxy Store for Samsung to

distribute, the developer must download a Software Development Kit ("SDK") provided by

Samsung, which requires the developer to accept an end-user licence agreement with Samsung.

A copy of this agreement is available at https://developer.samsung.com/end-user-license.  The

Samsung SDK allows developers to create watch faces compatible with the Samsung

Smartwatches.  In addition, for the developer to upload its app for Samsung to distribute on the

Samsung Galaxy Store, the developer must accept the "Samsung GALAXY Store Seller Office"

Terms and Conditions, which are available at

https://seller.samsungapps.com/help/termsAndConditions.as ("Samsung Developer Agreement"

or "SDA").  Upon information and belief, prior to the Swatch Group Companies' filing of this

lawsuit, the Samsung Developer Agreement was called the "Samsung GALAXY Apps Seller

Office" Terms and Conditions.

42.    Clause 5.3 of the SDA states in pertinent part:

> Certification and Classification.  Within a reasonable period of time after you
> submit an Application to Samsung, and provided that you have (i) paid any
> applicable certification or other fees and (ii) accepted any additional terms of
> service from Samsung's designated certification vendors, ***Samsung (or
> Samsung's designated certification vendor) will evaluate the Application to
> determine whether the Application complies with the certification requirements***
> (including any requirements in the Documentation).  (Emphasis added.)

43.    Clause 5.4 of the SDA further states:

Distribution.  Samsung has no obligation to distribute any Application you submit, and Samsung will not distribute any Application unless and until the Application has been certified to Samsung's satisfaction.  In addition, Samsung has sole discretion to determine the device or devices on which any Application is made available for distribution.  If Samsung chooses to distribute your certified Application through the STORE, we will do so in accordance with these Terms.

44.     Finally, Clause 5.6 provides:

Removal.  ***Samsung reserves the right to remove any Application from the STORE for any reason.  Such reasons may include, without limitation,*** (i) your breach of these Terms or the Documentation; (ii) your express termination of this Agreement or of the license grants associated with an Application; (iii) ***an assertion or claim that your Application infringes the intellectual property rights of a third party or otherwise contains illegal content;*** (iv) an assertion by a mobile network operator that your Application causes harm to the operator's network; (v) your Application is already distributed under an agreement between you and a mobile operator or (vi) customer complaint(s) about the content or quality of your Application.  Unless your Application is removed for breach of this Agreement or in response to an infringement or illegality allegation, Samsung will pay to you the amounts owed, if any, in connection with the distribution of your Application before removal.  (Emphasis added.)

45.     On or about February 22, 2019—the date on which the Swatch Group Companies filed this lawsuit—Samsung's policy on validating an app for distribution on the Samsung Galaxy Store was set out in "Validation Policy – App Validation for Samsung Galaxy Apps Distribution" (https://developer.samsung.com/galaxy/distribute/validation-policy), which provided as follows:

13



46.     On information and belief, sometime after February 22, 2019—the date on which the Swatch Group Companies filed this lawsuit—Samsung removed its Validation Policy for apps and replaced it with a policy for distribution on the Galaxy Store.  That policy is now set out in the "App Distribution Guide for Samsung Galaxy Store" (https://developer.samsung.com/galaxy/distribute/distribution-guide).  The term "validation" has been completely eliminated from the new policy.  Instead, Samsung now states that it "*reserves its rights to distribute in, withhold distribution from, and remove from distribution* in the

Galaxy Store those applications (apps) submitted for distribution and those apps being distributed." (Emphasis added.)

47. The "App Distribution Guide for Samsung Galaxy Store" (https://developer.samsung.com/galaxy/distribute/distribution-guide ) (formerly the "Validation Policy") further sets out requirements that apply to third party developer apps that run on Samsung devices and are to be distributed via the Samsung Galaxy Store, including at section 3.2.6 that:

> Apps must not include, present, or use any material whose use is protected by the laws of any country the app is being distributed (including but not limited to copyrighted, trademarked, and patented material) without first getting the permission of the rightful owner.

48. Many watch face apps from the Samsung Galaxy Store are available only on payment of a fee. Where the watch face app has been developed by a third-party developer, clause 6.1 of the SDA provides that:

> Any revenue generated and recovered by us (including through our designee, being a Samsung affiliate or a third party) arising from distribution of your Application using our Services ("Sales Proceeds") shall be shared by Samsung and you at the rate of 30 per cent for Samsung and 70 per cent for you, and at the rate of 20 percent for Samsung and 80 percent for you if you are a Galaxy Store Partner ("Revenue Share Ratio").

49. Thus, the apps available on the Samsung Galaxy Store are validated and determined by Samsung, and Samsung distributes those apps and directly earns profits from the distribution thereof.

**D.    Samsung's Willful Infringement of Swatch Group Companies' Intellectual Property**

50. On information and belief, since at least December 2016, Defendants have offered for download to Samsung Smartwatches in the United States from the Samsung Galaxy Store

more than 30 watch faces bearing the Trademarks.  Examples of just a few of these infringing watch faces are shown below:

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Store |
|---|---|
|  | |

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Store |
|---|---|



| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Store |
|---|---|



51.    Samsung has offered a large number and range of infringing watch faces, including some of the Swatch Group Companies' most exclusive designs.  For example, the JAQUET DROZ Tropical Bird Repeater watch is the only one of its kind in the world, designed for discerning collectors that combines watchmaking and decorative expertise and costs about $650,000.

52.    The infringing watch faces offered for sale and sold by Samsung include spurious designations that are either identical with, or substantially indistinguishable from, the Trademarks.  In many cases, those spurious designations appear on infringing watch faces that are identical in appearance with their corresponding authentic Swatch Group Companies watch faces.

53.    A list of Samsung's infringing watch faces of which the Swatch Group Companies were aware as of December 2020 is set out in Appendix A.

54.    In addition to the unlawful use of the Trademarks on the infringing watch faces, the Trademarks have also been used to promote the infringing watch faces on the Samsung Galaxy Store.  For example, the Trademarks have been used in titles and in descriptions of specific infringing watch faces offered for sale on the Samsung Galaxy Store.

55.    SEC is the head of a large and well-known international group of companies.  It publishes its business principles (including at https://www.samsung.com/us/aboutsamsung/vision/philosophy/business-principles/), the first of which is "We comply with laws and ethical standards".  The second of four points expanding on that is "*We compete fairly in accordance to law and business ethics.  We comply with all rules of other countries and regional communities, respect market competition order and compete in a fair way.  We do not make unfair profits by unlawful means from bad trade ethics. ...*" In light of

such public pronouncements, consumers would expect a company in Samsung's position to respect the intellectual property rights of third parties.

56.     Consumers would reasonably infer and believe that the Defendants have taken care to ensure that the watch faces that they distribute via the Samsung Galaxy Store do not infringe the intellectual property rights of third parties.  That inference would be reinforced by the fact that many of the watch faces (including many of those in Appendix A) are downloadable for payment from which Samsung receives a share.  Consumers would therefore conclude that the Defendants had the permission of rights owners for any intellectual property used therein.  In particular, consumers would conclude that Samsung had obtained all necessary licences or consents from the Swatch Group Companies to use the watch faces listed in Appendix A.

57.     In fact, the Swatch Group Companies have given no such licence or consent.

58.     On information and belief, subsequent to the filing of this lawsuit on February 22, 2019, Samsung modified the installation screen that a user sees when trying to download and install apps, including watch faces, on Samsung Smartwatches.  Now, after a user selects an app or watch face to download, the user receives a message within an installation screen that states: "Samsung Electronics Co., Ltd. acts only as a broker."

59.     The above-described installation screen, as it is displayed on the Samsung Smartwatches, appears in relevant part like this:



60.    Clicking on the "Legal information" hyperlink (shown in blue above) redirects the user to a webpage with the title "Samsung Galaxy Store Terms and Conditions for Buyers."  The "Samsung Galaxy Store Terms and Conditions for Buyers" apply on their face to both SEC as well as any "Samsung Affiliated Companies," and state in Section 9.1:  "Samsung (and Samsung's licensors, as applicable) owns all rights, title and interest in and to the Services including all associated intellectual property rights, whether registered or not, and wherever in the world such rights may exist."

61.    On information and belief, a user reading this language would conclude that Samsung owned or licensed all intellectual property rights, including trademarks, associated with apps available for download from the Galaxy Store.

62.    Samsung's unauthorized use of the Trademarks therefore is likely to cause confusion among the consumers, who are likely to believe that watch faces for the Samsung Smartwatches bearing the Trademarks are put out, sponsored, endorsed, authorized, or approved by the Swatch Group Companies.  Indeed, given the large number of infringing watch faces

21

offered by Defendants, consumers are even more likely to be misled into believing that Defendants are operating with the consent or license of the Swatch Group Companies.

63.     Samsung's unlawful use of the Trademarks takes unfair advantage of, and diminishes the distinctive character and reputation of the Trademarks.  The Swatch Group Companies put tremendous care into the design and marketing of their watches and have invested many millions of dollars to ensure the excellent reputation of their brands.  Samsung's misappropriation of the Trademarks deprives the Swatch Group Companies of the ability to control the products onto which their marks are affixed.

64.     Given the nature, scale and extent of Defendants' infringement, it can be inferred that Defendants' infringement is a deliberate course of conduct undertaken with wholesale disregard for the Swatch Group Companies' intellectual property.

65.     By reason of the Defendants' acts of infringement and/or passing-off, the Swatch Group Companies have suffered and continue to suffer loss and damage.

**E.     Samsung's Refusal to Discontinue Its Infringement**

66.     On December 21, 2018, the Swatch Group Companies, via their parent company The Swatch Group Ltd., wrote to Samsung's Swiss subsidiary Samsung Electronics Switzerland GmbH ("Samsung CH"), copying SEC, to notify both parties of the infringing activities and providing examples of infringing watch faces.

67.     Samsung CH responded on January 7, 2019 and again on January 18, 2019.  In its January 18th letter, Samsung CH represented that the particular watch faces identified in the Swatch Group Companies' December 21st correspondence had been removed from the Samsung Galaxy Apps Store.  However, it failed to acknowledge that there was any infringement, failed to confirm that it would review the remainder of its catalog to identify and remove any other

infringing watch faces, and failed to provide any assurances that it would discontinue validating and distributing infringing watch faces in the future.

68.    To the contrary, the January 18th letter referred to "alleged infringement," suggesting that Defendants do not accept that their conduct is infringing, and asserted that they have no control over third-party development and uploading of infringing watch faces, even though the terms of Samsung's own agreements with developers make clear that Samsung reviews and validates all apps prior to allowing them to be uploaded to the Samsung Galaxy Store and has complete discretion to remove apps if they are deemed to infringe another party's intellectual property rights.  In fact, new infringing watch faces appeared for sale on the Samsung Galaxy Store after Samsung's January 7th response.

69.    On January 23, 2019, the Swatch Group Companies, via The Swatch Group Ltd., again wrote to Samsung CH regarding the matter.  Samsung CH responded on February 6, 2019, on behalf of SEC, to say that a response would not be forthcoming until the following week.

70.    In a letter dated February 15, 2019, Samsung confirmed that it had "deleted some of the watch faces from the store," but not all.

71.    Faced with Samsung's continued infringement, the Swatch Group Companies commenced this lawsuit on February 22, 2019.  More than a year and a half later and after substantive litigation, including briefing, a hearing, and a decision on Samsung's motion to dismiss, the Swatch Group Companies continue to find infringing watch faces listed for sale on the Samsung Galaxy Store.

72.    In view of Samsung's inadequate response and continuing infringement, it is reasonable to conclude that Defendants will continue to infringe the Trademarks, and thereby cause further loss and damage to the Swatch Group Companies, unless enjoined from doing so.

**FIRST CAUSE OF ACTION**
**Direct Trademark Infringement:  15 U.S.C. § 1114(a)**

73.    The Swatch Group Companies incorporate the allegations contained in paragraphs 1-72 as if fully set forth herein.

74.    The Trademarks are federally-registered marks.

75.    Without the Swatch Group Companies' authorization or consent, Samsung has distributed, promoted, provided, offered for sale and sold in commerce the infringing watch faces set forth in Appendix A.

76.    Samsung's actions likely have caused and will continue to cause confusion and mistake and to deceive potential customers and the general purchasing public as to the source, origin, or sponsorship of the infringing watch faces, and are likely to deceive the public into believing that the infringing watch faces originate with, are associated with, are sponsored by, are endorsed by, or are authorized or licensed by the Swatch Group Companies, all to the damage and detriment of the Swatch Group Companies.

77.    Samsung was, and continues to be, a knowing and willful participant in the development, marketing, and sale of the infringing watch faces set forth in Appendix A.

78.    Samsung's use, offering for sale and sale of the infringing watch faces constitutes trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(a).

79.    On information and belief, Samsung's infringement as described herein has been and continues to be intentional, willful, and without regard to the Swatch Group Companies' exclusive rights in the Trademarks.

80.    As a result of Samsung's conduct, the Swatch Group Companies have suffered— and, unless Samsung's conduct is preliminarily and permanently enjoined, will continue to suffer—actual damages and irreparable harm as to which they have no adequate remedy at law.

81.    Because Samsung's actions have been willful, the Swatch Group Companies are entitled to an award of costs and, this being an exceptional case, enhanced damages and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION
### Contributory Trademark Infringement:  15 U.S.C. § 1114(a)

82.    The Swatch Group Companies incorporate the allegations contained in paragraphs 1-81 as if fully set forth herein.

83.    The Trademarks are federally-registered marks.

84.    Without the Swatch Group Companies' permission, authorization, or consent, third-party developers have used Samsung software to create and upload the infringing watch faces, offered for sale by Samsung, for use exclusively with Samsung Smartwatches that bear marks which are either identical or confusingly similar to the Trademarks.  These third-party developers have done so for the purpose of collecting revenue from the sale and distribution of their infringing watch faces.  As a result, these third-party developers are liable for direct infringement of the Trademarks in violation of the Lanham Act, 15 U.S.C. § 1114(a).

85.    The actions of both Samsung and these third-party developers likely have caused and will continue to cause confusion and mistake and to deceive potential customers and the general purchasing public as to the source, origin, or sponsorship of the infringing watch faces, and are likely to deceive the public into believing that the infringing watch faces originate with, are associated with, are sponsored by, are endorsed by, or are authorized or licensed by the Swatch Group Companies, all to the damage and detriment of the Swatch Group Companies.

86.    Samsung has full knowledge of the Swatch Group Companies' rights in the Trademarks, including, but not limited to, constructive knowledge by virtue of the Swatch Group Companies' federal registrations of the Trademarks and by common public knowledge, including

the fact that Samsung is a direct competitor of the Swatch Group Companies in the watch business; and actual knowledge by virtue of the Swatch Group Companies' complaints to Samsung, and the response of Samsung Electronics Switzerland GmbH on behalf of Samsung Electronics Co. Ltd., as described above.

87.    Samsung has both actual and constructive knowledge of the infringing activities of the third-party developers based on, without limitation:  the validation process that Samsung conducts for watch faces submitted for distribution through the Samsung Galaxy Store; Samsung's own development and administration of the Samsung Galaxy Store; and the Swatch Group Companies' complaints to Samsung, and the response of Samsung Electronics Switzerland GmbH on behalf of Samsung Electronics Co. Ltd., as described above.

88.    Notwithstanding its actual and constructive knowledge of (i) the Swatch Group Companies' rights in the Trademarks and (ii) the activities of the third-party developers that illegally infringe the Trademarks, Samsung has ignored the third-party's developer's infringement of the Trademarks.  Instead, Samsung has continued to make available its Samsung Galaxy Store to third-party developers whom it knows or has reason to know are engaging in trademark infringement.  Samsung has also collected a portion of the revenue raised through these sales.  In this way, Samsung has supplied and controlled the instrumentality of the third-party developers' infringing activities.

89.    Samsung is therefore contributorily liable for the infringement of the Trademarks by the third-party developers.

90.    On information and belief, Samsung's infringement as described herein has been and continues to be intentional, willful, and without regard to the Swatch Group Companies' exclusive rights in the Trademarks.

91.    In addition, the Swatch Group Companies have suffered—and, unless Samsung's conduct is permanently enjoined, will continue to suffer—actual damages and irreparable harm as to which they have no adequate remedy at law.

92.    Because Samsung's actions have been willful, the Swatch Group Companies are entitled to an award of costs and, this being an exceptional case, enhanced damages and reasonable attorneys' fees.

## THIRD CAUSE OF ACTION
### Direct Federal Trademark Counterfeiting:  15 U.S.C. § 1114(c)

93.    The Swatch Group Companies incorporate the allegations contained in paragraphs 1-92 as if fully set forth herein.

94.    The Trademarks are federally-registered marks.

95.    Without the Swatch Group Companies' authorization or consent, and as described above, Samsung has used spurious designations that are identical with, or substantially indistinguishable from, the Trademarks in connection with the infringing watch faces, including those set forth in Appendix A.

96.    In many cases, and as Appendix A illustrates, these spurious designations appear on infringing watch faces that are identical in appearance to their corresponding authentic Swatch Group Companies watch faces.

97.    Samsung has used these spurious designations knowing they are counterfeit in connection with the sale, offering for sale, and distribution of the infringing watch faces.

98.    Samsung's use of these spurious designations in connection with the infringing watch faces is likely to cause confusion, mistake, and deception; and cause the public to believe that the infringing watch faces are either developed or offered for sale by the Swatch Group Companies, or are otherwise authorized, sponsored, or approved by the Swatch Group

Companies, or that Samsung is affiliated, connected, associated, or related in some way to the Swatch Group Companies.

99.     Samsung's use of these spurious designations is likely to result in Samsung unfairly benefiting from the Swatch Group Companies' advertising and promotion and profiting from the reputation of the Swatch Group Companies and the Trademarks, all to the substantial and irreparable injury of the public, the Swatch Group Companies, and the Trademarks, and the substantial goodwill represented thereby.

100.    The acts of Samsung described above constitute trademark counterfeiting in violation of Section 32(c) of the Lanham Act, 15 U.S.C. § 1114(c).

101.    On information and belief, Samsung's use of these spurious designations as described above has been and continues to be intentional, willful, and without regard to the Swatch Group Companies' exclusive rights in the Trademarks.

102.    The Swatch Group Companies have suffered—and, unless Samsung's conduct is permanently enjoined, will continue to suffer—irreparable harm as to which they have no adequate remedy at law.

103.    In addition, the Swatch Group Companies are entitled to recover, at the Swatch Group Companies' election, an award of actual damages or defendants' profits or statutory damages as provided by 15 U.S.C. § 1117(c) of the Lanham Act.

104.    Because Samsung's actions have been willful, the Swatch Group Companies are entitled to an award of costs and, this being an exceptional case, enhanced damages and reasonable attorneys' fees as provided by § 15 U.S.C. 1117(b)-(c).

**FOURTH CAUSE OF ACTION**
**Contributory Federal Trademark Counterfeiting:  15 U.S.C. § 1114(c)**

105.    The Swatch Group Companies incorporate the allegations contained in paragraphs 1-104 as if fully set forth herein.

106.    The Trademarks are federally-registered marks.

107.    Without the Swatch Group Companies' authorization or consent, and as described above, third-party developers have used spurious designations that are identical with, or substantially indistinguishable from, the Trademarks in connection with the infringing watch faces, including those set forth in Appendix A.

108.    In many cases, and as Appendix A illustrates, these spurious designations appear on infringing watch faces that are identical in appearance to their corresponding authentic Swatch Group Companies watch faces.

109.    The third-party developers have used these spurious designations knowing they are counterfeit in connection with the development, advertisement, promotion, sale, offering for sale, and distribution of the infringing watch faces.

110.    The third-party developers' use of these spurious designations in connection with the infringing watch faces is likely to cause confusion, mistake, and deception; and cause the public to believe that the infringing watch faces are either developed or offered for sale by the Swatch Group Companies, or are otherwise authorized, sponsored, or approved by the Swatch Group Companies, or that the third-party developers are affiliated, connected, associated, or related in some way to the Swatch Group Companies.

111.    The third-party developers' use of these spurious designations is likely to result in the third-party developers unfairly benefiting from the Swatch Group Companies' advertising and promotion and profiting from the reputation of the Swatch Group Companies and the

29

Trademarks, all to the substantial and irreparable injury of the public, the Swatch Group Companies, and the Trademarks, and the substantial goodwill represented thereby.

112. The acts of the third-party developers described above constitute trademark counterfeiting in violation of Section 32(c) of the Lanham Act, 15 U.S.C. § 1114(c).

113. Samsung has full knowledge of the Swatch Group Companies' rights in the Trademarks, including, but not limited to, constructive knowledge by virtue of the Swatch Group Companies' federal registrations of the Trademarks and by common public knowledge, including the fact that Samsung is a direct competitor of the Swatch Group Companies in the watch business; and actual knowledge by virtue of the Swatch Group Companies' complaints to Samsung, and the response of Samsung Electronics Switzerland GmbH on behalf of Samsung Electronics Co. Ltd., as described above.

114. Samsung has both actual and constructive knowledge of the third-party developers' use of these spurious designations as described above based on, without limitation: the validation process that Samsung conducts for watch faces submitted for distribution through the Samsung Galaxy Store; Samsung's own development and administration of the Samsung Galaxy Store; and the Swatch Group Companies' complaints to Samsung, and the response of Samsung Electronics Switzerland GmbH on behalf of Samsung Electronics Co. Ltd., as described above.

115. Notwithstanding its actual and constructive knowledge of (i) the Swatch Group Companies' rights in the Trademarks and (ii) the activities of the third-party developers that illegally counterfeit the Trademarks, Samsung has ignored the third-party developers' use of these spurious designations. Instead, Samsung has continued to make available its Samsung Galaxy Store to third-party developers whom it knows or has reason to know are engaging in

trademark counterfeiting.  Samsung has also collected a portion of the revenue raised through these sales.  In this way, Samsung has supplied and controlled the instrumentality of the third-party developers' counterfeiting activities.

116.    Samsung is therefore contributorily liable for the counterfeiting of the Trademarks by the third-party developers.

117.    On information and belief, Samsung's wrongdoing as described herein has been and continues to be intentional, willful, and without regard to the Swatch Group Companies' exclusive rights in the Trademarks.

118.    The Swatch Group Companies have suffered—and, unless Samsung's conduct is permanently enjoined, will continue to suffer—irreparable harm as to which they have no adequate remedy at law.

119.    In addition, the Swatch Group Companies are entitled to recover, at the Swatch Group Companies' election, an award of actual damages or defendants' profits or statutory damages as provided by 15 U.S.C. § 1117(c) of the Lanham Act.

120.    Because Samsung's actions have been willful, the Swatch Group Companies are entitled to an award of costs and, this being an exceptional case, enhanced damages and reasonable attorneys' fees as provided by § 15 U.S.C. 1117(b)-(c).

**FIFTH CAUSE OF ACTION**
**Federal Unfair Competition:  15 U.S.C. § 1125(a)**

121.    The Swatch Group Companies incorporate the allegations contained in paragraphs 1-120 as if fully set forth herein.

122.    The Trademarks are inherently distinctive and/or have acquired secondary meaning within the relevant market.

123.    As a result of Defendants' conduct, consumers are likely to be confused, mistaken, or deceived as to the affiliation, connection, and/or association of the infringing watch faces with the Swatch Group Companies, or as to the origin, sponsorship, or approval of the infringing watch faces by the Swatch Group Companies, and/or as to the nature, characteristics, or qualities of the infringing watch faces.

124.    On information and belief, Samsung's direct and contributory infringement of the Trademarks as described herein has been and continues to be intentional, willful, and without regard to the Swatch Group Companies' rights.

125.    Samsung's unauthorized use of the Trademarks in interstate commerce constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

126.    As a result of Samsung's wrongful conduct, the Swatch Group Companies have suffered—and unless Samsung's conduct is permanently enjoined, will continue to suffer— actual damages and irreparable harm, as to which they have no adequate remedy at law.

127.    Because Samsung's actions have been willful, the Swatch Group Companies are entitled to treble damages, and, this being an exceptional case, reasonable attorneys' fees.

**SIXTH CAUSE OF ACTION**
**Dilution:  15 U.S.C. § 1125(c)**

128.    The Swatch Group Companies incorporate the allegations contained in paragraphs 1-127 as if fully set forth herein.

129.    The Trademarks are distinctive and famous, and have been used by the Swatch Group Companies in connection with watches for more than thirty years (and in some cases for more than a century).

130. Samsung began using, offering for sale, and selling the Trademarks subsequent to their becoming famous, thereby causing dilution of the Trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

131. Samsung's actions have been intentional, willful and committed in bad faith.

132. As a result of Samsung's wrongful conduct, the Swatch Group Companies have suffered—and unless Samsung's conduct is permanently enjoined, will continue to suffer—actual damages and irreparable harm, as to which they no adequate remedy at law.

133. Because Samsung's actions have been willful, the Swatch Group Companies are entitled to an award of costs and, this being an exceptional case, enhanced damages and reasonable attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**Common Law Trademark Infringement Under New York Law**

134. The Swatch Group Companies incorporate the allegations contained in paragraphs 1-133 as if fully set forth herein.

135. The Trademarks are inherently distinctive and/or have acquired secondary meaning within the relevant market.

136. The Trademarks have achieved market penetration throughout the United States generally, and New York specifically.

137. The Swatch Group Companies have prior common law trademark rights in the Trademarks based on their adoption and continuous commercial use of the marks in New York before all others, including both Samsung and the third-party developers. Consumers in New York recognize the Trademarks as designating the corresponding Swatch Group Companies' brand and products.

33

138.    The commercial use of infringing watch faces by both Samsung and the third-party developers in New York, as set forth above, is likely to, and does in fact, deceive consumers or cause confusion or mistake as to the affiliation, connection, or association of the infringing watch faces with the Swatch Group Companies, or as to the origin, sponsorship, or approval by the Swatch Group Companies of the infringing watch faces.

139.    On information and belief, Samsung's direct and contributory infringement of the Trademarks as described herein has been and continues to be intentional, willful, and without regard to the Swatch Group Companies' rights.

140.    Samsung's unauthorized use of the Trademarks in commerce in New York constitutes trademark infringement in violation of New York common law.

141.    As a result of Samsung's wrongful conduct, the Swatch Group Companies have suffered—and unless Samsung's conduct is permanently enjoined, will continue to suffer—actual damages and irreparable harm, as to which they have no adequate remedy at law.

142.    The Swatch Group Companies are entitled to recover Samsung's profits, the Swatch Group Companies' ascertainable damages, and the Swatch Group Companies' cost of suit.  Because Samsung's conduct is willful, the Swatch Group Companies are also entitled to recover reasonable attorneys' fees.

### EIGHTH CAUSE OF ACTION
### Common Law Unfair Competition Under New York Law

143.    The Swatch Group Companies incorporate the allegations contained in paragraphs 1-142 as if fully set forth herein.

144.    The Trademarks are inherently distinctive and/or have acquired secondary meaning within the relevant market.

145.    The Trademarks have achieved market penetration throughout the United States generally, and New York and this District specifically.

146.    The Swatch Group Companies have prior common law trademark rights in the Trademarks based on their adoption and continuous commercial use of the marks in New York before all others, including both Samsung and the third-party developers.  Consumers in New York recognize the Trademarks as designating the corresponding Swatch Group Companies' brand and products.

147.    The commercial use of infringing watch faces by both Samsung and the third-party developers in New York, as set forth above, is likely to, and does in fact, deceive consumers or cause confusion or mistake as to the affiliation, connection, or association of the infringing watch faces with the Swatch Group Companies, or as to the origin, sponsorship, or approval by the Swatch Group Companies of the infringing watch faces.

148.    On information and belief, Samsung's direct and contributory infringement of the Trademarks as described herein has been and continues to be intentional, willful, and without regard to the Swatch Group Companies' rights.  Samsung's acts constitute fraud, oppression, and malice.

149.    Samsung's unauthorized use of the Trademarks in commerce in New York constitutes unfair competition in violation of New York common law.

150.    As a result of Samsung's wrongful conduct, the Swatch Group Companies have suffered—and unless Samsung's conduct is permanently enjoined, will continue to suffer—actual damages and irreparable harm, as to which they have no adequate remedy at law.

**NINTH CAUSE OF ACTION**
**Trademark Dilution under New York Law:  N.Y. Gen. Bus. Law § 360-l**

151.    The Swatch Group Companies incorporate the allegations contained in paragraphs 1-150 as if fully set forth herein.

152.    The Trademarks have acquired distinctiveness and are widely recognized by the general consuming public of the State of New York as a designation of source of the Swatch Group Companies' products.

153.    Without the Swatch Group Companies' authorization or consent, Samsung has distributed, promoted, provided, offered for sale and sold in commerce the infringing watch faces set forth in Appendix A.

154.    As a result of Samsung's conduct, the public is likely to assume, incorrectly, that there is an association between the infringing watch faces and the Swatch Group Companies.

155.    Samsung's use, offering for sale, and sale of the infringing watch faces is likely to dilute and blur the distinctive quality of the Trademarks.

156.    Samsung's dilution of the Trademarks as described herein has been and continues to be intentional, willful, and injurious to the Swatch Group Companies' business and reputation.

157.    Absent injunctive relief, Samsung will continue to dilute and whittle away the reputation and value enjoyed by the Swatch Group Companies in the Trademarks.  The Swatch Group Companies are therefore entitled to injunctive relief.

158.    Samsung's conduct as described above constitutes trademark dilution under New York law, resulting in damage to the Swatch Group Companies and the substantial business and goodwill symbolized by the Trademarks, in violation of New York Anti-Dilution Statute, N.Y. Gen. Bus. Law § 360-l.

**PRAYER FOR RELIEF**

WHEREFORE, the Swatch Group Companies respectfully seek the following relief:

1.      Entry of judgment for the Swatch Group Companies on each of their claims;

2.      An order and judgment preliminarily and permanently enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement or dilution of the Trademarks;

3.      An order requiring Samsung to disclose the number of infringing watches faces (as well as all any other watch faces offered on the Samsung Galaxy Store that use a trademark belonging to any one of The Swatch Group Ltd.'s affiliated companies) uploaded to the Samsung Galaxy Store, the number of downloads of all such watch faces, and the name and contact information of each third-party developer of such watch faces;

4.      An order requiring Samsung to remove, or induce the removal of, all infringing watch faces already downloaded onto consumer devices;

5.      An award of actual damages sustained by the Swatch Group Companies as a result of Defendants' infringement of the Trademarks and/or an accounting of Defendants' profits in an amount to be proven at trial, or at the Swatch Group Companies' election, an award of statutory damages pursuant to 15 U.S.C. § 1117(c);

6.      An award of enhanced damages, in light of Defendants' willful trademark infringement and counterfeiting pursuant to 15 U.S.C. §§ 1117(b)-(c);

7.      Pre- and post-judgment interest on any past damages;

8.      Costs of suit and reasonable attorneys' fees; and

9.      Any and all other legal and equitable relief as may be available under law and which the Court may deem proper.

## DEMAND FOR JURY TRIAL

The Swatch Group Companies hereby demand a jury trial on all issues so triable.

Dated:  December 17, 2020

Respectfully submitted,


/s/ Mark G. Matuschak
Mark G. Matuschak
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10006
Tel.:  (212) 937-7226
mark.matuschak@wilmerhale.com

Lisa J. Pirozzolo (admitted pro hac vice)
Vinita Ferrera (admitted pro hac vice)
Harry Hanson (admitted pro hac vice)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Tel.:  (617) 526-6208
lisa.pirozzolo@wilmerhale.com
vinita.ferrera@wilmerhale.com
harry.hanson@wilmerhale.com
*Attorneys for the Swatch Group Companies*

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
|  | *App Name:* "Glashaus-Panoma" | US2519207 [GLASHÜTTE ORIGINAL + logo (stylized)] |

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
|  | *App Name:* "Tropical Birds by Jaquet Droz / Freedom Republic" | US5511973 [JAQUET DROZ] US0725758 [JAQUET-DROZ] |

Case 1:19-cv-01708-LAP    Document 68    Filed 12/17/20    Page 40 of 149

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
| TYPE XX - XXI - XXII 3817 <br> ACCUEIL > GARDE-TEMPS > TYPE XX - XXI - XXII 3817 | *App Name:* "Breguet Face" | US3042405 [BREGUET] |

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
| | <br><br>*App Name:* "Graftic (rEwatch) / spiderock" | US5532619 [SWATCH]<br>US1671076 [SWATCH]]<br>US5283243 [SWATCH] |

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
| | <br><br>*App Name:* "Miodo Time / by Andi" | US0225024 [MIDO (stylized)]<br>US4431373 [MULTIFORT]<br>US0399480 [MIDO MULTIFORT (stylized)] |

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
|  | *App Name:* "Hamilton by BFX / Butterfly FX" | US0741279 [HAMILTON] |

## APPENDIX A
## SAMSUNG'S INFRINGING WATCH FACES

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
| | <br>*App Name: "DXB Watch Alpha Moonwatch/DXB Watches Dubai"* | US 0734891 [Ω logo (STYLIZED)]<br>US 5211480 [MOONWATCH] |

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
| | *App Name:* "Swatch Orange Black WF" | US5283243 [SWATCH] US5532619 [SWATCH] US1671076 [SWATCH] |

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
| --- | --- | --- |
|  | | US0734891 [Ω logo]<br>US1309929 [DE VILLE]<br>US4442192 [CO-AXIAL]<br>US5266563 [CO-AXIAL MASTER CHRONOMETER] |

*App Name:* "Classic 2WF"

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
|  | | US0566370 [OMEGA (stylized)] |

*App Name:* "RM_Omega Classic_Mens/SWFD"

Case 1:19-cv-01708-LAP    Document 68    Filed 12/17/20    Page 48 of 149

10

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
|  | US5511973 [JAQUET DROZ] US0725758 [JAQUET-DROZ] |

*App name:* "Thomasse clock Jaquet Droz"

Case 1:19-cv-01708-LAP    Document 68    Filed 12/17/20    Page 49 of 149

11

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
|  | *App name:* "Tissot Navigator 3000" | US1639684 [TISSOT (stylized] US1385183 [NAVIGATOR] |

Case 1:19-cv-01708-LAP    Document 68    Filed 12/17/20    Page 50 of 149

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
| | *App name:* "Tissot Watch Face" | US1639684 [TISSOT (stylized)] |

13

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
| | *App name:* "Gear Digital Tissot Replica Classic Chronometer Black AOD / AURORA" | US1639684 [TISSOT (stylized)] US3653565 [T TOUCH (stylized)] |

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
| | | US0065109 [LONGINES (stylized)] |
| | *App Name:* "Aurora Longines 1973 Chronometer Classic Black AOD / AURORA | |

Case 1:19-cv-01708-LAP   Document 68   Filed 12/17/20   Page 53 of 149

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
| |  *App name*: Frontier | US0065109 [LONGINES (stylized)] |

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
| | *App name:* "Boogaloo-Mega Studiomaster I / Boogaloo" | US0566370 [OMEGA (stylized)] US 5293695 [OMEGA + Ω logo (STYLIZED)] US0578041 [OMEGA + Ω logo (STYLIZED)] US5094915 [OMEGA + Ω logo (STYLIZED)] US1290661 [OMEGA + Ω logo (STYLIZED)] US0734891 [Ω logo] US0672487 [SPEEDMASTER] |

17

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
|  | *App name:* "Boogaloo-Mega Racer I / Boogaloo" | US0566370 [OMEGA (stylized)] US 5293695 [OMEGA + Ω logo (STYLIZED)] US0578041 [OMEGA + Ω logo (STYLIZED)] US5094915 [OMEGA + Ω logo (STYLIZED)] US1290661 [OMEGA + Ω logo (STYLIZED)] US0734891 [Ω logo] US0672487 [SPEEDMASTER] |

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
|  | *App name:* "Boogaloo-Mega Racer II / Boogaloo" | US0566370 [OMEGA (stylized)] US 5293695 [OMEGA + Ω logo (STYLIZED)] US0578041 [OMEGA + Ω logo (STYLIZED)] US5094915 [OMEGA + Ω logo (STYLIZED)] US1290661 [OMEGA + Ω logo (STYLIZED)] US0734891 [Ω logo] US0672487 [SPEEDMASTER] |

19

Case 1:19-cv-01708-LAP    Document 68    Filed 12/17/20    Page 57 of 149

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
|  | App name: "KT Akemo Globematser - Analog Swiss Inspired Chronometer / Kamensek Timepieces" | US5383161 [OMEGA GLOBEMASTER with Ω logo (stylized)] |

Case 1:19-cv-01708-LAP    Document 68    Filed 12/17/20    Page 58 of 149

Case 1:19-cv-01708-LAP    Document 68    Filed 12/17/20    Page 59 of 149

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
|  | <br>*App name:* "Swatch Gold / Kirillch's Watchface" | US5283243 [SWATCH]<br>US5532619 [SWATCH]<br>US1671076 [SWATCH] |

21

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
| |  *App name:* "Nimo Watch Faces W16G /NIMO Watches" | US0566370 [OMEGA (stylized)] US 5293695 [OMEGA + Ω logo (STYLIZED)] US0578041 [OMEGA + Ω logo (STYLIZED)] US5094915 [OMEGA + Ω logo (STYLIZED)] US1290661 [OMEGA + Ω logo (STYLIZED)] US0734891 [Ω logo] US0672487 [SPEEDMASTER] |

Case 1:19-cv-01708-LAP    Document 68    Filed 12/17/20    Page 60 of 149

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
| |  *App Name:* "RTWatch6" | US 3653563 [T TOUCH (stylized)] |

Case 1:19-cv-01708-LAP   Document 68   Filed 12/17/20   Page 61 of 149

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
| | *App Name:* "RTWatch4" | US 3653563 [T TOUCH (stylized)] |

Case 1:19-cv-01708-LAP    Document 68    Filed 12/17/20    Page 62 of 149

24

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
| | *App Name:* "RTWatch5" | US 3653563 [T TOUCH (stylized)] |

Case 1:19-cv-01708-LAP    Document 68    Filed 12/17/20    Page 63 of 149

25

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
| | *App Name:* "SoftFlow OMGStyle/SoftFlow" | US0566370 [OMEGA (stylized)] |

Case 1:19-cv-01708-LAP    Document 68    Filed 12/17/20    Page 64 of 149

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
|  | *App Name:* "BFF: Blancpain Villeret Black analog watchface for gear S2, S3/BFF-STORM" | US1727428 [BLANCPAIN (stylized)] |

27

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
| | <br><br>*App name:* "Onega SKT" | US0566370 [OMEGA (stylized)]<br>US0672487 [SPEEDMASTER] |

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
| | *App name:* "Swatch - Red Sunday" | US5283243 [SWATCH] US5532619 [SWATCH] US1671076 [SWATCH] |

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
| | **Lumin Platinum Seamaster Contrast** Partridge › Kevin Lind *App Name: "Lumin Platinum Seamaster/Partridge"* | US3640080 (SEAMASTER) |

Case 1:19-cv-01708-LAP   Document 68   Filed 12/17/20   Page 68 of 149

**APPENDIX A**
**SAMSUNG'S INFRINGING WATCH FACES**

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
| | <br><br>*App name:* "Swatch" | US5283243 [SWATCH]<br>US5532619 [SWATCH]<br>US1671076 [SWATCH] |

31

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
| | <br><br>*App name:* "Boogaloo-Mega RacerII / Boogaloo" | US0566370 [OMEGA (stylized)]<br>US 5293695 [OMEGA + Ω logo (STYLIZED)]<br>US0578041 [OMEGA + Ω logo (STYLIZED)]<br>US5094915 [OMEGA + Ω logo (STYLIZED)]<br>US1290661 [OMEGA + Ω logo (STYLIZED)]<br>US0734891 [Ω logo]<br>US0672487 [SPEEDMASTER] |

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
|  | *App name:* "Moon Watch" | US2519207 [GLASHÜTTE ORIGINAL with logo (stylized)] |

Case 1:19-cv-01708-LAP    Document 68    Filed 12/17/20    Page 71 of 149

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
|  | <br>*App name:* "Boogaloo-Mega Studiomaster I / Boogaloo" | US0566370 [OMEGA (stylized)]<br>US 5293695 [OMEGA + Ω logo (STYLIZED)]<br>US0578041 [OMEGA + Ω logo (STYLIZED)]<br>US5094915 [OMEGA + Ω logo (STYLIZED)]<br>US1290661 [OMEGA + Ω logo (STYLIZED)]<br>US0734891 [Ω logo]<br>US0672487 [SPEEDMASTER] |

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
|  | *App name:* "Boogaloo-Mega RacerII / Boogaloo" | US0566370 [OMEGA (stylized)]<br>US 5293695 [OMEGA + Ω logo (STYLIZED)]<br>US0578041 [OMEGA + Ω logo (STYLIZED)]<br>US5094915 [OMEGA + Ω logo (STYLIZED)]<br>US1290661 [OMEGA + Ω logo (STYLIZED)]<br>US0734891 [Ω logo]<br>US0672487 [SPEEDMASTER] |

Case 1:19-cv-01708-LAP    Document 68    Filed 12/17/20    Page 73 of 149

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
|  | *App name*: Omega | US0566370 [OMEGA (stylized)]<br>US 5293695 [OMEGA + Ω logo (STYLIZED)]<br>US0578041 [OMEGA + Ω logo (STYLIZED)]<br>US5094915 [OMEGA + Ω logo (STYLIZED)]<br>US1290661 [OMEGA + Ω logo (STYLIZED)] |

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
| | **Jazz Master** Muhammad Hassan H Series Watch Faces For all ages #Digital **Description** Jazz Master is modern watch face with classic touch in traditional watch hands. It have Golden Index marks bright enough to be visible in bright conditions. *App name: Jazz Master* | US4352777 [JAZZMASTER] |

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
| | *App name*: Classic Pro R3 x12 HD Colors | US4442192 [CO-AXIAL]<br><br>US5266563 [CO-AXIAL MASTER CHRONOMETER] |

38

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
| | _App name:_ MWF_Khaki | US1148416 [KHAKI] |

Case 1:19-cv-01708-LAP    Document 68    Filed 12/17/20    Page 77 of 149

39

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
| | *App name:* PS-A15-GMT-KHAKI | US1148416 [KHAKI] |

Case 1:19-cv-01708-LAP    Document 68    Filed 12/17/20    Page 78 of 149

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
| | <br>*App name:* SWF Navigator PRO Series | US1385183 [NAVIGATOR] |

Case 1:19-cv-01708-LAP   Document 68   Filed 12/17/20   Page 79 of 149

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
| | <br>*App name:* 78ºN Navigator A/D 12h DARK – TRIAL | US1385183 [NAVIGATOR] |

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
| | *App name:* 78ºN Navigator A/D 24h DARK – TRIAL | US1385183 [NAVIGATOR] |

Case 1:19-cv-01708-LAP     Document 68     Filed 12/17/20     Page 81 of 149

Case 1:19-cv-01708-LAP   Document 68   Filed 12/17/20   Page 82 of 149

| Authentic Swatch Group Companies Watch Face | Infringing Watch Face Available on Samsung Galaxy Apps Store | Swatch Group Companies Trademark Registration |
|---|---|---|
| | **Navigator 2 (DB256)** dialbe.com Dial Bee For all ages #Interactive *App name:* Navigator 2 (DB256) | US1385183 [NAVIGATOR] |

44

# EXHIBIT

# 1

**Int. Cl.: 14**

**Prior U.S. Cls.: 2, 27, 28, and 50**

## United States Patent and Trademark Office

**Reg. No. 3,042,405**
Registered Jan. 10, 2006

## TRADEMARK
### PRINCIPAL REGISTER

## BREGUET

MONTRES BREGUET S.A. (SWITZERLAND CORPORATION)
L'ABBAYE
L'ABBAYE, SWITZERLAND

FOR: WATCHES, WATCH STRAPS, WATCH BRA-CELETS, AND PARTS THEREOF, HOROLOGICAL INSTRUMENTS, NAMELY, CHRONOMETERS AND CHRONOGRAPHS, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 6-8-1995; IN COMMERCE 6-8-1995.

SN 78-190,363, FILED 12-2-2002.

JENNIFER KRISP, EXAMINING ATTORNEY

# EXHIBIT

# 2

Int. Cl.: 14

Prior U.S. Cl.: 27

**United States Patent and Trademark Office**

Reg. No. 1,727,428

Registered Oct. 27, 1992

## TRADEMARK
### PRINCIPAL REGISTER

# BLANCPAIN

BLANCPAIN S.A. (SWITZERLAND CORPORA-
TION)
LE ROCHER 12
1348 LE BRASSUS, SWITZERLAND

FOR: WATCHES AND PARTS THEREOF, IN
CLASS 14 (U.S. CL. 27).

FIRST USE 5-9-1934; IN COMMERCE
6-14-1985.

SER. NO. 74-043,251, FILED 3-26-1990.

TERESA M. RUPP, EXAMINING ATTORNEY

# EXHIBIT

# 3

**Int. Cls.: 14 and 18**

**Prior U.S. Cls.: 1, 2, 3, 22, 27, 28, 41 and 50**

**United States Patent and Trademark Office**

**Reg. No. 2,519,207**
Registered Dec. 18, 2001

### TRADEMARK
### PRINCIPAL REGISTER



GLASHUTTER UHRENBETRIEB GMBH (FED REP GERMANY LIMITED LIABILITY COMPANY)
ALTENBERGER PLATZ 1
D-01768 GLASHUTTE, FED REP GERMANY

FOR: HOROLOGICAL AND CHRONOMETRIC INSTRUMENTS, NAMELY, WATCHES, PARTS OF CLOCKS AND WATCHES, ALARMS FOR CLOCKS, PRECIOUS METALS AND THEIR ALLOYS SOLD IN BULK, PRECIOUS METALS, JEWELRY, PRECIOUS GEMSTONES, IMITATION JEWELRY, CUFFLINKS, TIE PINS, AND BELT BUCKLES MADE OF PRECIOUS METAL, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FOR: LEATHER, IMITATIONS OF LEATHER AND GOODS MADE OF THESE MATERIALS, NAMELY, LUGGAGE, ATTACHE CASES, HANDBAGS, DOCUMENT CASES, PURSES, POCKET WALLETS, KEY CASES, UMBRELLAS, AND PARASOLS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

PRIORITY CLAIMED UNDER SEC. 44(D) ON FED REP GERMANY APPLICATION NO. 39921231.0/1, FILED 4-14-1999, REG. NO. 39921231.0, DATED 7-21-1999, EXPIRES 4-30-2009.

OWNER OF U.S. REG. NO. 2,174,491.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ORIGINAL", APART FROM THE MARK AS SHOWN.

THE ENGLISH TRANSLATION OF THE WORD "GLASHUTTE" IN THE MARK IS "GLASS HOUSE".

SER. NO. 75-822,435, FILED 10-14-1999.

CHRISTOPHER BUONGIORNO, EXAMINING ATTORNEY

# EXHIBIT

# 4

# United States Patent Office

**725,758**
Registered Dec. 26, 1961

## SUPPLEMENTAL REGISTER
## Trademark

Ser. No. 112,361, filed P.R. Jan. 24, 1961;
Am. S.R. Oct. 6, 1961

## JAQUET-DROZ

Compagnie des Montres Jacquet-Droz S.A. (Swiss corporation)
Rue d'Argent 6
Bienne, Switzerland

For: WATCHES, PARTS OF WATCHES, WATCH DIALS, AND ALARM CLOCKS, in CLASS 27.
Priority claimed under Sec. 44(d) on Swiss Reg. No. 183,210, dated Oct. 26, 1960.

# EXHIBIT

# 5

# United States of America

## United States Patent and Trademark Office

# JAQUET DROZ

**Reg. No. 5,511,973**
**Registered Jul. 10, 2018**
**Int. Cl.: 14, 28, 35**
**Service Mark**
**Trademark**
**Principal Register**

Montres Jaquet Droz SA (Montres Jaquet Droz AG) (Montres Jaquet Droz Ltd)
 (SWITZERLAND CORPORATION)
Montres Jaquet
2, Allee Du Tourbillon
2300 La Chaux-de-fonds, SWITZERLAND

CLASS 14: Precious metals and their alloys and goods made of these materials or coated therewith included in this class, namely, split rings for keys, busts, statues, figurines, trophies, badges, medals, medallions, ornamental lapel pins, hat ornaments being hat jewelry of precious metal, footwear ornaments being footwear jewelry of precious metal; jewelry, namely, rings, earrings, cuff links, bracelets, charms, brooches, chains, necklaces, tie pins, tie clips, jewelry caskets, jewelry cases; precious stones, semi-precious stones; timepieces and chronometric instruments, namely, chronometers, chronographs, clocks, watches, wristwatches, wall clocks, alarm clocks; Parts for chronometers, chronographs, clocks, watches, wristwatches, wall clocks and alarm clocks, namely, hands, anchors, pendulums, barrels, watch cases, watch straps, watch dials, clockworks, watch chains, movements for timepieces, rough watch movements, watch springs, watch glasses; Accessories for chronometers, chronographs, clocks, watches, wristwatches, wall clocks, and alarm clocks, namely, watch cases, presentation cases for timepieces, cases for timepieces

CLASS 28: Automatons, art automatons, and animated automatons, namely, toy robots as well as structural parts and components for toy robots

CLASS 35: Wholesale and retail store services in stores and via computer networks, by catalog, by mail, by telephone, by radio and television and by other electronic means, featuring timepieces and jewelry products; Advertising, marketing and public relations services; Advertising services for the purchase and sale of timepieces and jewelry products; Business management; Business administration; Providing office functions; Business organizational and management consulting in the field of timepieces and jewelry products

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

PRIORITY CLAIMED UNDER SEC. 44(D) ON SWITZERLAND APPLICATION NO. 57193/2017, FILED 06-12-2017, REG. NO. 708972, DATED 06-12-2017, EXPIRES 06-12-2027

OWNER OF U.S. REG. NO. 0725758

The name(s), portrait(s), and/or signature(s) shown in the mark does not identify a particular living individual.

SER. NO. 87-683,614, FILED 11-14-2017



*Director of the United States Patent and Trademark Office*

# EXHIBIT

# 6

Registered Nov. 4, 1952

**Registration No. 566,370**

PRINCIPAL REGISTER
Trade-Mark

# UNITED STATES PATENT OFFICE

**Omega Louis Brandt & Frère, S. A.,
Bienne, Switzerland**

Act of 1946

**Application December 8, 1951, Serial No. 622,275**

# OMEGA

## STATEMENT

Omega Louis Brandt & Frère, S. A., a Swiss corporation, located and doing business at Bienne, Switzerland, has adopted and is using the trademark shown in the accompanying drawing, for WATCHES AND PARTS THEREOF, in Class 27, Horological instruments, and presents herewith five specimens showing the trade-mark as actually used in connection with such goods, the trademark being applied by stamping, printing or engraving the same on the goods and by printing the same on the containers and/or tags attached to the goods, and requests that the same be registered in the United States Patent Office on the Principal Register in accordance with the act of July 5, 1946.

The trade-mark was first used in 1894 and was first used in commerce which may lawfully be regulated by the Congress, viz. commerce between the United States and Switzerland in the same year.

Applicant owns the following U. S. registration: No. 25,036.

The applicant hereby designates Chauncey P. Carter, of 4400 Klingle Street, Washington 16, D. C., as applicant's representative in the United States on whom notices or process in proceedings affecting the mark may be served.

OMEGA LOUIS BRANDT & FRÈRE, S. A.,
By A. VALLAT,
*Commercial Manager.*

# EXHIBIT

# 7

# United States of America

## United States Patent and Trademark Office

Ω

# OMEGA

**Reg. No. 5,293,695**

**Registered Sep. 26, 2017**

**Int. Cl.: 9**

**Trademark**

**Principal Register**

Omega SA (Omega AG) (Omega Ltd.) (SWITZERLAND CORPORATION)
Jakob-Stämpfli-Strasse 96
Biel/Bienne SWITZERLAND 2502

CLASS 9: Smartwatches and connected watches, namely, wearable digital electronic devices comprised primarily of software and of display screens for viewing, sending and receiving texts, emails, data and information and also featuring a wristwatch and parts and accessories for the aforesaid goods

OWNER OF SWITZERLAND REG. NO. 665364, DATED 10-24-2014, RENEWED AS REG. NO. 665364 , EXPIRES 10-10-2024

The mark consists of the letter of the Greek alphabet OMEGA above the word "OMEGA".

SER. NO. 86-609,437, FILED 04-24-2015
JENNIFER LYNN O'BRIEN, EXAMINING ATTORNEY



*Joseph Matal*

Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

# EXHIBIT

# 8

Int. Cl.: 14

Prior U.S. Cl.: 27

**United States Patent and Trademark Office**

10 Year Renewal

Reg. No. 578,041

Registered July 28, 1953

Renewal Term Begins July 28, 1993

## TRADEMARK
## PRINCIPAL REGISTER



OMEGA SA (OMEGA AG) (OMEGA LTD.) (SWITZERLAND CORPORA-TION)
BIENNE, SWITZERLAND, BY CHANGE OF NAME FROM OMEGA LOUIS BRANDT & FRERE, S.A. (SWITZER-LAND CORPORATION) BIENNE, SWITZERLAND

OWNER OF U.S. REG. NOS. 25,036 AND 566,370.

FOR: WATCHES (INCLUDING POCKET WATCHES, WRIST WATCHES WITH OR WITHOUT STRAPS, BANDS OR BRACELETS, PENDANT WATCHES, CALENDAR WATCHES, AND STOP-WATCHES) EITHER STEM-WIND OR AUTOMATIC; CLOCKS; CHRONO-METERS, CHRONOGRAPHS, AND PARTS FOR ALL OF THE FOREGOING, IN CLASS 27 (INT. CL. 14).

FIRST USE 0–0–1894; IN COMMERCE 0–0–1894.

SER. NO. 71-637,074, FILED 10–23–1952.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on June 21, 1994.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Registered July 28, 1953

# Registration No. 578,041

## PRINCIPAL REGISTER
### Trade-Mark

# UNITED  STATES  PATENT  OFFICE

**Omega Louis Brandt & Frère, S. A.,
Bienne, Switzerland**

Act of 1946

Application October 23, 1952, Serial No. 637,074



## STATEMENT

· Omega Louis Brandt & Frère, S. A., a Swiss corporation, located and doing business at Bienne, Switzerland, has adopted and is using the trademark shown in the accompanying drawing, for WATCHES (INCLUDING POCKET WATCHES, WRIST WATCHES WITH OR WITHOUT STRAPS, BANDS OR BRACELETS, PENDANT WATCHES, CALENDAR WATCHES, AND STOPWATCHES) EITHER STEM-WIND OR AUTOMATIC; CLOCKS; CHRONOMETERS, CHRONOGRAPHS, AND PARTS FOR ALL OF THE FOREGOING, in Class 27, Horological instruments, and presents herewith five specimens showing the trade-mark as actually used in connection with such goods, the trade-mark being applied to the goods; to tags or labels fastened to the goods; or to the containers, and requests that the same be registered in the United States

Patent Office on the Principal Register in accordance with the act of July 5, 1946.

The trade-mark was first used in 1894, and was first used in commerce which may lawfully be regulated by Congress, viz., commerce between the United States and Switzerland in the same year. Such first usage was on watches.

Applicant owns the following U. S. registrations: Nos. 25,036 and 566,370.

The applicant hereby designates Chauncey P. Carter, of 4400 Klingle Street, Washington 16, D. C., as applicant's representative in the United States on whom notices or process in proceedings affecting the mark may be served.

OMEGA LOUIS BRANDT &
FRÈRE, S. A.,
By ADOLPHE VALLAT,
*Commercial Manager.*

COMB. AFF. SEC. 8 & 15

FEB 2 - 1959

# EXHIBIT

# 9

# United States of America

## United States Patent and Trademark Office



**Reg. No. 5,094,915**

**Registered Dec. 06, 2016**

**Int. Cl.: 14**

**Trademark**

**Principal Register**

Omega SA (Omega AG) (Omega Ltd.) (SWITZERLAND CORPORATION)
Jakob-Stämpfli-Strasse 96
Biel/Bienne SWITZERLAND 2502

CLASS 14: Horological and chronometric instruments and parts for the aforesaid goods; accessories namely, watch chains, presentation cases for watches and cases for watches

FIRST USE 3-10-1894; IN COMMERCE 3-10-1894

OWNER OF SWITZERLAND REG. NO. 665364, DATED 10-24-2014, RENEWED AS REG. NO. 665364 , EXPIRES 10-10-2024

The mark consists of the letter of the Greek alphabet OMEGA above the word "OMEGA".

SER. NO. 86-978,393, FILED 04-24-2015
JENNIFER LYNN O'BRIEN, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

# EXHIBIT
# 10

**Int. Cls.: 4, 8, 9, 14 and 16**

**Prior U.S. Cls.: 15, 23, 26, 27 and 37**

**United States Patent and Trademark Office**

**Reg. No. 1,290,661**

Registered Aug. 21, 1984

## TRADEMARK
### Principal Register



Omega SA (Omega AG) (Omega Ltd.) (Switzerland corporation)
96 rue Staempfli
Bienne, Switzerland 2500, by change of name from
Omega Louis Brandt & Frere S.A. (Switzerland corporation)
Bienne, Switzerland

For: LUBRICATING OILS FOR WATCHES AND CLOCKS, in CLASS 4 (U.S. Cl. 15).

For: TOOLS USED IN CLOCK AND WATCH MAKING; TOOLS USED IN JEWELRY MAKING, in CLASS 8 (U.S. Cl. 23).

For: COMPUTER APPARATUS FOR CHECKING AND CONTROLLING THE MEASUREMENT OF TIME AND DISTANCE FOR SPORTING EVENTS, SCIENTIFIC INVESTIGATION, AND INDUSTRIAL APPLICATION, INCLUDING THE ACQUISITION, TRANSMISSION, AND MANAGEMENT OF INFORMATION INTENDED FOR TRANSPORTATION, PUBLICITY, AND FINANCIAL USE; COMPUTERS FOR CALCULATING INFORMATION IN RESPECT OF TIME AND DISTANCE, STORING SUCH INFORMATION, AND MAKING THE SAME AVAILABLE IN VISUAL OR AUDIBLE FORM -- ALL OF WHICH INSTALLATIONS CONTAIN ELECTRONIC ELEMENTS, in CLASS 9 (U.S. Cl. 26).

For: WATCH CASES, WATCH CHAINS, AND WATCH STANDS SOLD AS A UNIT WITH WATCHES, in CLASS 14 (U.S. Cl. 27).

For: FOUNTAIN PENS AND MECHANICAL PENCILS, in CLASS 16 (U.S. Cl. 37).

Owner of Switzerland Reg. No. 312,338, dated May 12, 1981, expires May 12, 2001.

Ser. No. 370,198, filed Jun. 17, 1982.

B. C. WASHINGTON, Examining Attorney

# EXHIBIT 11

# United States Patent Office

734,891
Registered July 24, 1962

## PRINCIPAL REGISTER
### Trademark

Ser. No. 127,631, filed Sept. 11, 1961



Omega Louis Brandt & Frere, S.A. (Swiss company)
Bienne, Switzerland

For: TIMEPIECES AND PARTS THEREOF, in CLASS 27.

First use 1894; in commerce 1894.

The symbol shown on the drawing is the last letter of the Greek alphabet.

Owner of U.S. Reg. Nos. 25,036, 708,731, and others.

# EXHIBIT
# 12

# United States of America

## United States Patent and Trademark Office

# Ω
# OMEGA
## GLOBEMASTER

**Reg. No. 5,383,161**

**Registered Jan. 23, 2018**

**Int. Cl.: 14**

**Trademark**

**Principal Register**

Omega SA (Omega AG) (Omega Ltd.) (SWITZERLAND CORPORATION)
Jakob-stämpfli-strasse 96
2502 Biel/bienne, SWITZERLAND

CLASS 14: horological and chronometric instruments

FIRST USE 10-29-2015; IN COMMERCE 11-12-2015

PRIORITY CLAIMED UNDER SEC. 44(D) ON SWITZERLAND APPLICATION NO. 55173/2015, FILED 04-30-2015, REG. NO. 673068, DATED 05-15-2015, EXPIRES 04-30-2025

The mark consists of the letter of the Greek alphabet "OMEGA" above the word "OMEGA" placed above the word "GLOBEMASTER".

SER. NO. 86-747,866, FILED 09-04-2015



*Joseph Matal*

Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

# EXHIBIT

# 13

 

**Int. Cl.: 14**

**Prior U.S. Cl.: 27**

## United States Patent and Trademark Office

**Reg. No. 1,309,929**
Registered Dec. 18, 1984

## TRADEMARK
**Principal Register**

## DE VILLE

Omega S.A. (Switzerland corporation)
96 rue Staempfli
Bienne, Switzerland 2500

For: WATCHES, WRIST WATCHES, PORT-FOLIO WATCHES, PENDANT WATCHES, AND MINIATURE CLOCKS; AND PARTS THEREOF, in CLASS 14 (U.S. Cl. 27).

Owner of Switzerland Reg. No. 196,247, dated Dec. 31, 1962, renewed as Reg. No. 322,384, dated Oct. 1, 1982, expires Oct. 1, 2002.

The English translation of "De Ville" is "of the City".

Ser. No. 418,969, filed Mar. 28, 1983.

JANIS MALTZ, Examiner

# EXHIBIT

# 14

Int. Cl.: 14

Prior U.S. Cl.: 27

**United States Patent and Trademark Office**

10 Year Renewal

Reg. No. 672,487

Registered Jan. 13, 1959

Renewal Term Begins Jan. 13, 1999

## TRADEMARK
## PRINCIPAL REGISTER

### SPEEDMASTER

OMEGA SA (OMEGA AG) (OMEGA LTD.) (SWITZERLAND CORPORATION)
96 RUE JAKOB STAMPFLI
BIENNE, SWITZERLAND, BY ASSIGNMENT AND CHANGE OF NAME FROM NORMAN M. MORRIS CORPORATION (NEW YORK CORPORATION) NEW YORK, NY

FOR: WATCHES AND CLOCKS, IN CLASS 27 (INT. CL. 14).

FIRST USE 12–1–1957; IN COMMERCE 12–1–1957.

SER. NO. 72–047,594, FILED 3–12–1958.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Feb. 16, 1999.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Case 1:19-cv-01708-LAP  Document 68  Filed 12/17/20  Page 112 of 149

# United States Patent Office

**672,487**
Registered Jan. 13, 1959

## PRINCIPAL REGISTER
### Trademark

Ser. No. 47,594, filed Mar. 12, 1958

# SPEEDMASTER

Norman M. Morris Corporation (New York corporation)
655 Madison Ave.
New York 21, N. Y.

For: WATCHES AND CLOCKS, in CLASS 27.
First use Dec. 1, 1957; in commerce Dec. 1, 1957.

COMB. AFF. SEC. 8 & 15

FEB 24 1964

# EXHIBIT

# 15

Int. Cl.: 14

Prior U.S. Cls.: 2, 27, 28, and 50

United States Patent and Trademark Office

**Reg. No. 3,640,080**
Registered June 16, 2009

## TRADEMARK
### PRINCIPAL REGISTER

# SEAMASTER

OMEGA SA (OMEGA AG) (OMEGA LTD.) (SWIT-
ZERLAND CORPORATION)
JAKOB-STAMPFLI-STRASSE 96
2502 BIEL/BIENNE, SWITZERLAND

FOR: JEWELRY, PRECIOUS STONES; HOROLO-
GICAL AND CHRONOMETRICAL INSTRUMENTS,
IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 3-25-1949; IN COMMERCE 3-25-1949.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

PRIORITY CLAIMED UNDER SEC. 44(D) ON
SWITZERLAND APPLICATION NO. 01106/2006,
FILED 5-22-2006, REG. NO. 547867, DATED 11-7-
2006, EXPIRES 5-22-2016.

OWNER OF U.S. REG. NOS. 556,602, 3,074,168,
AND OTHERS.

SN 77-048,887, FILED 11-21-2006.

DANIEL CAPSHAW, EXAMINING ATTORNEY

# EXHIBIT

# 16

Case 1:19-cv-01708-LAP    Document 16-27    Filed 05/22/19    Page 2 of 2



# United States of America

## United States Patent and Trademark Office

# MOONWATCH

**Reg. No. 5,211,480**

**Registered May 30, 2017**

**Int. Cl.: 14**

**Trademark**

**Principal Register**

Omega SA (Omega AG) (Omega Ltd.) (SWITZERLAND CORPORATION)
Jakob-Stämpfli-Strasse 96
2502 Biel/Bienne SWITZERLAND

CLASS 14: Horological and chronometric instruments

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF SWITZERLAND REG. NO. 634085, DATED 09-14-2012, RENEWED AS REG. NO. 634085 , EXPIRES 09-07-2022

SER. NO. 86-050,542, FILED 08-28-2013
ELISSA GARBER KON, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

# EXHIBIT
# 17

Int. Cl.: 14

Prior U.S. Cls.: 27 and 28

## United States Patent and Trademark Office

Reg. No. 1,377,147
Registered Jan. 7, 1986

### TRADEMARK
### PRINCIPAL REGISTER

# LONGINES

COMPAGNIE DES MONTRES LONGINES, FRANCILLON S.A. (SWITZERLAND CORPO-RATION)
ST.-IMIER, SWITZERLAND

FOR: CLOCKS, WATCHES AND PARTS THEREFOR, AND JEWELRY AND COSTUME JEWELRY, IN CLASS 14 (U.S. CLS. 27 AND 28).

FIRST USE 12-31-1952; IN COMMERCE 12-31-1952.
OWNER OF U.S. REG. NOS. 668,956, 685,126, AND 685,905.

SER. NO. 540,863, FILED 6-3-1985.

RICHARD B. GORDON, EXAMINING ATTOR-NEY

# EXHIBIT
# 18

Int. Cl.: 14

Prior U.S. Cl.: 27

**United States Patent and Trademark Office**

Renewal

Reg. No. 65,109
Registered Sep. 10, 1907
OG Date Aug. 23, 1988

## TRADEMARK
## PRINCIPAL REGISTER

# LONGINES

COMPAGNIE DES MONTRES LON-
GINES, FRANCILLON S.A. (SWITZER-
LAND CORPORATION)
15 RUE AGASSIZ
ST.-IMER, SWITZERLAND, ASSIGNEE
BY ASSIGNMENT AND CHANGE OF
NAME FROM A. WITTNAUER CO.
(NEW YORK CORPORATION) NEW
YORK, NY

FOR: WATCHES, PARTS OF WATCH-
ES, AND WATCHCASES, IN CLASS 27
(INT. CL. 14).

FIRST USE 0-0-1869; IN COMMERCE
0-0-1869.

SER. NO. 27,584, FILED 5-23-1907.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Aug. 23, 1988.*

COMMISSIONER OF PATENTS AND TRADEMARKS

# UNITED STATES PATENT OFFICE.

## A. WITTNAUER CO., OF NEW YORK, N. Y.

### TRADE-MARK FOR WATCHES, PARTS OF WATCHES, AND WATCHCASES.

**No. 65,109.**  **Statement and Declaration.**  **Registered Sept. 10, 1907.**

Application filed May 23, 1907.  Serial No. 27,584.

### STATEMENT.

*To all whom it may concern:*

Be it known that A. WITTNAUER CO., a corporation duly organized under the laws of the State of New York, and located in the city of New York, borough of Manhattan, in the county and State of New York, and doing business at Nos. 9, 11, and 13 Maiden Lane, in said city, has adopted for its use the trade-mark shown in the accompanying drawing, for watches, parts of watches, and watchcases, in Class No. 59, Horological instruments.

The trade-mark has been continuously used in the business of said corporation and in the business of its predecessors, A. Wittnauer, and J. E. Robert & Co., since 1869.

The trade-mark is applied or affixed directly to the goods by engraving or otherwise producing it thereon, and it is also printed on tags and labels affixed to the goods and the packages containing the same.

A. WITTNAUER CO.,
By V. E. DESSION,
*Secretary.*

### DECLARATION.

State of New York county of New York ss.

VICTOR E. DESSION, being duly sworn, deposes and says that he is the secretary of the corporation, the applicant named in the foregoing statement; that he believes the foregoing statement is true; that he believes said corporation is the owner of the trade-mark sought to be registered; that no other person, firm, corporation or association, to the best of his knowledge and belief, has the right to use said trade-mark, either in the identical form or in any such near resemblance thereto as might be calculated to deceive; that said trade-mark is used by the said corporation in commerce among the several States of the United States, and particularly between Pennsylvania, Massachusetts, Ohio, California, between the United States and foreign nations or Indian tribes, and particularly with Canada and Switzerland that the description, drawing, specimens or fac-similes presented truly represent the trade-mark sought to be registered, and that the trade-mark has been in actual and continuous use as a trade-mark of the applicant or the predecessors of the applicant, from which the applicant derived title, for ten years next preceding the passage of the act of Congress of February 20, 1905, and that, to the best of his knowledge and belief, such use has been exclusive.

V. E. DESSION.

Subscribed and sworn to before me, a notary public, this 13th day of December, 1906.

[L. S.]    HARRY THOMAS,
*Notary Public, New York County.*

# EXHIBIT
# 19

Int. Cl.: 14

Prior U.S. Cl.: 27

**United States Patent and Trademark Office**

Reg. No. 1,639,684
Registered Apr. 2, 1991

## TRADEMARK
### PRINCIPAL REGISTER

# TISSOT

TISSOT S.A. (SWITZERLAND CORPORATION)
CHEMIN DES TOURELLES 17
LE LOCLE, SWITZERLAND

FOR: WATCHES; PARTS, FITTINGS AND
FIXTURES FOR WATCHES, IN CLASS 14 (U.S.
CL. 27).
FIRST USE 0–0–1959; IN COMMERCE
0–0–1959.

OWNER OF U.S. REG. NOS. 514,602, 691,252,
AND 887,867.

SER. NO. 74–028,361, FILED 2–12–1990.

ANDREW D. LAWRENCE, EXAMINING AT-
TORNEY

# EXHIBIT
# 20

**Int. Cl.: 14**

**Prior U.S. Cls.: 2, 27, 28 and 50**

**United States Patent and Trademark Office**

**Reg. No. 3,653,565**
Registered July 14, 2009

## TRADEMARK
### PRINCIPAL REGISTER



TISSOT SA (SWITZERLAND JOINT STOCK COM-
PANY)
17, CHEMIN DES TOURELLES
2400 LE LOCLE, SWITZERLAND

FOR: HOROLOGICAL AND CHRONOMETRIC
INSTRUMENTS, IN CLASS 14 (U.S. CLS. 2, 27, 28
AND 50).

FIRST USE 1-0-2002; IN COMMERCE 1-0-2002.

THE MARK CONSISTS OF A STYLIZED "T"
INSIDE A CIRCLE AND TO THE RIGHT OF THIS
IS THE STYLIZED WORDING "TOUCH".

SER. NO. 77-514,403, FILED 7-3-2008.

BENJAMIN OKEKE, EXAMINING ATTORNEY

# EXHIBIT
# 21

Int. Cl.: 14

Prior U.S. Cl.: 27

## United States Patent and Trademark Office

Reg. No. 1,385,183

Registered Mar. 4, 1986

### TRADEMARK
**PRINCIPAL REGISTER**

## NAVIGATOR

TISSOT S.A. (SWITZERLAND CORPORATION)
17, CHEMIN DES TOURELLES
LE LOCLE, SWITZERLAND 2400

FOR: WATER RESISTANT WATCHES AND PARTS THEREFOR, IN CLASS 14 (U.S. CL. 27).
PRIORITY CLAIMED UNDER SEC. 44(D) ON SWITZERLAND APPLICATION NO. 337717,

FILED 12-19-1984, REG. NO. 337717, DATED 12-19-1984, EXPIRES 12-19-2004.

SER. NO. 541,633, FILED 6-6-1985.

DEBORAH S. COHN, EXAMINING ATTORNEY

# EXHIBIT

# 22

# United States of America

## United States Patent and Trademark Office

# MIDO

**Reg. No. 225,024**

**Registered Mar. 08, 1927**

**Amended Mar. 06, 2018**

**U.S. Cl.: 27**

**Trademark**

**Principal Register**

MIDO AG (MIDO SA) (MIDO LTD) (SWITZERLAND CORPORATION)
Chemin Des Tourelles 17
Le Locle, SWITZERLAND

CLASS 27: WATCHES, AND CHRONOMETERS, WATCH MOVEMENTS, WATCH CASES, [ DIALS ] AND PARTS OF WATCHES

FIRST USE 1-00-1919; IN COMMERCE 1-00-1919

OWNER OF SWITZERLAND , FILED 08-16-1925, REG. NO. 59,727, DATED 08-17-1925

SER. NO. 71-234,491, FILED 07-13-1926



Director of the United States
Patent and Trademark Office

# EXHIBIT

# 23



# MULTIFORT

**Reg. No. 4,431,373**
**Registered Nov. 12, 2013**

MIDO AG (MIDO SA) (MIDO LTD) (SWITZERLAND CORPORATION)
CHEMIN DES TOURELLES 17
2400 LE LOCLE, SWITZERLAND

**Int. Cl.: 14**

FOR: HOROLOGICAL AND CHRONOMETRIC INSTRUMENTS, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

**TRADEMARK**

FIRST USE 4-19-1934; IN COMMERCE 4-19-1934.

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF SWITZERLAND REG. NO. 2P-270553, DATED 5-27-1974, EXPIRES 3-19-2014.

OWNER OF U.S. REG. NO. 399,480.

SER. NO. 85-812,145, FILED 12-28-2012.

MICHAEL TANNER, EXAMINING ATTORNEY



Deputy Director of the United States Patent and Trademark Office

# EXHIBIT

# 24

Registered Jan. 12, 1943

Trade-Mark 399,480

# UNITED STATES PATENT OFFICE

Société Anonyme Mido, Biel, Switzerland

Act of February 20, 1905

Application October 22, 1941, Serial No. 448,014



## STATEMENT

*To all whom it may concern:*

Be it known that Société Anonyme Mido, a corporation organized and existing under the laws of Switzerland, located and doing business at 5 Route de Boujean, Bienne, Canton of Bern, Switzerland, has adopted and used the trademark shown in the accompanying drawing, for WATCHES, WRIST WATCHES, DECK WATCHES, ALARM WATCHES, WATCH PEN-DULETTES, CHRONOMETERS, MOVEMENTS, CASES AND DIALS FOR THE SAME, in Class 27, Horological instruments, and presents herewith five specimens (facsimiles) showing the trade mark as actually used by applicant upon the goods, and requests that the same be registered in the United States Patent Office in accordance with the act of February 20, 1905, as amended.

The trade-mark has been continuously used and applied to said goods in the business of said corporation since April 19, 1934.

The trade-mark is usually applied or affixed to the goods or to the packages containing the same by means of labels on which the mark is printed or applied by divers other means common in the trade.

Said trade-mark has been registered in Switzerland, No. 91,564, dated October 16, 1937. E. F. Wenderoth, whose postal address is 900 F Street N.W., Washington, D. C., is designated as the person on whom process or notice of proceedings affecting the right of ownership of said trade mark brought under the laws of the United States may be served.

SOCIÉTÉ ANONYME MIDO,
By HUGO JUBERT,
*Administrator.*

# EXHIBIT
# 25

# United States Patent Office

**741,279**
Registered Nov. 27, 1962

## PRINCIPAL REGISTER
### Trademark

Ser. No. 133,150, filed Dec. 1, 1961

## HAMILTON

Hamilton Watch Company (Pennsylvania corporation)
Columbia Ave.
Lancaster, Pa.

For: HOROLOGICAL INSTRUMENTS—NAMELY, WATCHES, C L O C K S, CHRONOMETERS, AND PARTS THEREOF—in CLASS 27.

First use at least as early as 1909 on watch movements; in commerce at least as early as 1909.

Owner of Reg. Nos. 203,657, 607,681, and others.

# EXHIBIT

# 26

# United States of America
## United States Patent and Trademark Office

# SWATCH

**Reg. No. 5,283,243**

**Registered Sep. 12, 2017**

**Int. Cl.: 9**

**Trademark**

**Principal Register**

SWATCH AG (SWATCH SA) (SWATCH LTD.) (SWITZERLAND CORPORATION)
Jakob-Stämpfli-Strasse 94
CH-2502 Biel/Bienne
SWITZERLAND

CLASS 9: Apparatus for recording, transmission and reproduction of sound or images; electronic payment processing apparatus and apparatus for processing cashless payment transactions, namely, handheld computers, mobile computers, wrist computers, smartwatches and smartphones, all with integrated near field communication (NFC) chips for making contactless payments; computers, laptop computers, handheld computers, mobile computers, personal computers, wrist computers, smartwatches; telecommunication apparatus and instruments, namely, cell phones and mobile phones with advanced features of extended functionality and smartphones; apparatus for recording, transmission, reproduction of sound or images, particularly mobile telephones and new-generation mobile telephones with greater functionality, namely, smartphones; handheld electronic apparatus, namely, handheld computers, mobile phones and personal digital assistants for accessing the Internet and sending, receiving, recording and storing short messages, electronic messages, telephone calls, faxes, video-conferences, images, sounds, music, text and other digital data; handheld electronic apparatus, namely, handheld computers, mobile phones and personal digital assistants for wireless reception, storage and transmission of data or messages; handheld electronic apparatus for global positioning (GPS) and displaying maps and transport information; handheld electronic devices, namely, handheld computers, mobile phones and personal digital assistants for detection, storage, monitoring, surveillance and transmission of data relating to user activity, namely, position, itinerary, distance traveled, heart rate; optical apparatus and instruments, particularly spectacles, sunglasses, magnifying glasses; cases for spectacles, sunglasses and magnifying glasses

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

PRIORITY DATE OF 05-19-2016 IS CLAIMED

OWNER OF INTERNATIONAL REGISTRATION 1329569 DATED 11-18-2016, EXPIRES 11-18-2026

SER. NO. 79-200,895, FILED 11-18-2016
LINDA M LAVACHE, EXAMINING ATTORNEY



Joseph Matol

Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

# EXHIBIT
# 27

# United States of America

## United States Patent and Trademark Office

# SWATCH

**Reg. No. 5,532,619**

**Registered Aug. 07, 2018**

**Int. Cl.: 9, 14**

**Trademark**

**Principal Register**

Swatch AG (Swatch SA) (Swatch Ltd.)  (SWITZERLAND CORPORATION)
Jakob-stämpfli-strasse 94
Biel/bienne, SWITZERLAND CH-2502

CLASS 9: Apparatus for recording, transmission or reproduction of sound or images; blank magnetic data carriers, recordable discs, recordable compact discs, recordable DVDs; devices for switching compressed sound files, namely, MP3 players; calculating machines and equipment for the processing of information, namely, data processing equipment for processing of computer software and information; computers, digital music players, computers laptops, palm pilots, mobile computers, personal computers, computers worn on the wrist, tablet computers, mobile phones and advanced mobile phones with the extended functionality in the nature of smart phones; mobile games software; electronic game software for mobile phones and computers; laptops; palmtops being palm pilots; mobile computers; personal computers; mobile devices, namely, mobile telephones, mobile computers, mobile data receivers, mobile hotspot devices, advanced mobile phones with the extended functionality, namely, smart phones; telecommunications apparatus and instruments and apparatus for recording, transmission or reproduction of sound or images, namely, cell phones and mobile phones with advanced features of extended functionality, namely, smart phones; portable and handheld electronic devices for accessing the Internet and sending, receiving, recording and storing short messages, e-mails, phone calls, fax, video conferencing, images, sounds, music, text and other digital data, namely, smart phones and personal digital assistants; portable and handheld electronic devices for receiving, storage and the wireless transmission of data or messages; portable and handheld electronic devices to monitor and organize personal information, namely, smart phones and personal digital assistants; portable and handheld electronic GPS tracking devices for universal search and display maps and transport information; pocket electronic devices, namely, tablet computers, mobile phones, smartphones for games; portable and handheld electronic devices for detecting, storing, tracking, monitoring and transmission of data on the activity of the user, namely, the position, the route, distance, heart rate; protective covers for computers, mobile phones and laptops; optical apparatus and instruments, namely, eyeglasses, lenses, magnifiers being magnifying glasses; batteries for computers and electronic equipment; batteries and batteries for watches and chronological instruments

CLASS 14: Precious metals and their alloys and goods made of these materials or plated therewith included in this class, namely, figurines, trophies; jewelry; jewelry boxes, jewelry cases, precious stones, semi-precious stones being gemstones; watchstraps, alarm clocks, parts and fittings for watches and clocks, namely, needles, anchors, rockers, barrels, watch cases, watch straps, watch-making dials, clockworks being clock parts, watch chains, watch movements, watch springs, watch glasses, cases for watchmaking

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF SWITZERLAND , REG. NO. 691913, DATED 05-19-2016, EXPIRES 05-19-2026

OWNER OF SWITZERLAND , REG. NO. 652638, DATED 09-25-2013, EXPIRES 09-25-2023



Director of the United States
Patent and Trademark Office

# EXHIBIT
# 28

**Int. Cl.: 14**

**Prior U.S. Cl.: 27**

## United States Patent and Trademark Office

**Reg. No. 1,671,076**
Registered Jan. 7, 1992

## TRADEMARK
### PRINCIPAL REGISTER

## SWATCH

SWATCH S.A. (SWITZERLAND CORPORATION)
94 RUE JAKOB STAMPFLI
BIENNE, SWITZERLAND

FOR: WATCHES, CLOCKS AND PARTS THEREOF, IN CLASS 14 (U.S. CL. 27).

FIRST USE 11–12–1981; IN COMMERCE 11–12–1981.

SER. NO. 74–079,220, FILED 7–17–1990.

ALICE SUE CARRUTHERS, EXAMINING ATTORNEY

# EXHIBIT
# 29

# United States of America
## United States Patent and Trademark Office

# CO-AXIAL

**Reg. No. 4,442,192**
**Registered Dec. 3, 2013**

**Int. Cl.: 14**

**TRADEMARK**

**PRINCIPAL REGISTER**

OMEGA SA (OMEGA AG) (OMEGA LTD.) (SWITZERLAND CORPORATION)
JAKOB-STÄMPFLI-STRASSE 96
2502 BIEL/BIENNE, SWITZERLAND

FOR: HOROLOGICAL AND CHRONOMETRIC INSTRUMENTS, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 6-28-1999; IN COMMERCE 7-1-1999.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SEC. 2(F).

SER. NO. 85-567,398, FILED 3-12-2012.

DEZMONA MIZELLE, EXAMINING ATTORNEY



Commissioner for Trademarks of the
United States Patent and Trademark Office

# EXHIBIT 30

# United States of America
## United States Patent and Trademark Office

## CO-AXIAL MASTER CHRONOMETER

**Reg. No. 5,266,563**

**Registered Aug. 15, 2017**

**Int. Cl.: 14**

**Trademark**

**Principal Register**

Omega SA (Omega AG) (Omega Ltd.) (SWITZERLAND CORPORATION)
Jakob-Stämpfli-Strasse 96
2502 Biel/Bienne SWITZERLAND

CLASS 14: horological and chronometric instruments

FIRST USE 10-29-2015; IN COMMERCE 11-12-2015

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

PRIORITY CLAIMED UNDER SEC. 44(D) ON SWITZERLAND APPLICATION NO. 53181/2015, FILED 03-18-2015, REG. NO. 675216, DATED 07-06-2015, EXPIRES 03-18-2025

OWNER OF U.S. REG. NO. 4442192

No claim is made to the exclusive right to use the following apart from the mark as shown: "CHRONOMETER"

SEC. 2(F) as to "CO-AXIAL"

SER. NO. 86-742,813, FILED 08-31-2015
YAT SYE I LEE, EXAMINING ATTORNEY



*Joseph Matal*

Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

# EXHIBIT
# 31

Int. Cl.: 14

Prior U.S. Cl.: 27

**Reg. No. 1,385,183**

## United States Patent and Trademark Office

Registered Mar. 4, 1986

## TRADEMARK
### PRINCIPAL REGISTER

## NAVIGATOR

TISSOT S.A. (SWITZERLAND CORPORATION)
17, CHEMIN DES TOURELLES
LE LOCLE, SWITZERLAND 2400

FOR: WATER RESISTANT WATCHES AND PARTS THEREFOR, IN CLASS 14 (U.S. CL. 27).
PRIORITY CLAIMED UNDER SEC. 44(D) ON SWITZERLAND APPLICATION NO. 337717,

FILED 12–19–1984, REG. NO. 337717, DATED 12–19–1984, EXPIRES 12–19–2004.

SER. NO. 541,633, FILED 6-6-1985.

DEBORAH S. COHN, EXAMINING ATTORNEY

# EXHIBIT

# 32

**Int. Cl.: 14**

**Prior U.S. Cl.: 27**

**United States Patent and Trademark Office**

**Reg. No. 1,148,416**
Registered Mar. 17, 1981

## TRADEMARK
### Principal Register

## KHAKI

Hamilton Watch Co., Inc. (Pennsylvania corporation)
123 S. Broad St.
Philadelphia, Pa. 19107

For: WATCHES, in CLASS 14 (U.S. Cl. 27).
First use May 15, 1979; in commerce May 24, 1979.

Ser. No. 217,409, filed May 29, 1979.

DAVID C. REIHNER, Primary Examiner