**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Randi W. Singer**
+1 (212) 310-8152
randi.singer@weil.com

February 26, 2021

**VIA ECF**

Honorable Loretta A. Preska
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2220
New York, New York 10007

> The Court approves the proposed redactions in the transcript of the February 11, 2021 conference because the material represents confidential business information. SO ORDERED.
>
> *Loretta A. Preska*  3/9/2021

    Re:    *Montres Breguet S.A., et al., v. Samsung Electronics Co. Ltd., et al.*
            Case No. 1:19-cv-01708-LAP

Dear Judge Preska:

We represent Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") in this action.  Pursuant to this Court's Rules of Individual Practice 2H, Samsung respectfully requests that the Court redact and seal very limited portions of the February 11, 2021 conference transcript (the "Transcript").

During the February 11 conference concerning open issues related to the parties' draft proposed ESI and Protective Orders and case scheduling matters, undersigned counsel recited certain confidential revenue information relating to sales of the watch face apps at issue in this litigation.  This confidential information appears in the Transcript at pages 28:4, 16-17; and 31:4.  Consistent with the goal of limiting filings under seal to the information that is necessary, Samsung respectfully seeks to seal only the specific revenue dollar figures included on those pages, as indicated in appended Exhibit A.

**Sealing is Appropriate in this Action**

Samsung's proposed limited redactions are consistent with precedent in the Second Circuit and this district concerning sealing.  Pursuant to the Second Circuit's three-step process, courts first assess whether the documents at issue are "judicial documents" of the type relevant to the performance of the judicial function and useful in the judicial process.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  If so, courts assess the weight of the presumption of public access to the documents, and then balance competing considerations.  *Id.* at 119-20.  Competing interests include "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

Here, although the Transcript is a judicial document, the presumption of public access to the Transcript is of less weight where Samsung seeks only to seal specific confidential dollar figures which reflect

Honorable Loretta Preska  
February 26, 2021  
Page 2

**Weil, Gotshal & Manges LLP**

revenues discussed during a conference focused on early discovery disputes and case scheduling. Where, as here, the redactions are narrowly applied to specific confidential financial information in an early court proceeding transcript, courts in this district have granted motions to seal. *See, e.g.*, *IBM v. Lima*, No. 20 Civ. 4573, 2020 WL 6048773, at *1-3 (S.D.N.Y. Oct. 13, 2020) (granting application to redact non-public details of, *inter alia*, IBM's revenues in conference transcript where conference involved IBM's requests for redaction of limited material submitted in connection with its preliminary injunction motion and not a full trial on the merits); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MD-2542 (VSB), 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) (allowing redactions in preliminary injunction hearing transcript of percentage of sales attributed to certain customers, projected changes in sales, and amounts borrowed and invested in a product).

Disclosure of this information would likely result in competitive harm to third party watch face app developers and to Samsung, which outweighs any public interest in access to this information. Interests in these revenue figures are significant: third party app developers who sell watch face apps on the Samsung Galaxy Store set the prices for such apps without guidance as to the revenue amounts earned from other apps by other developers. App developers in turn collect revenue from the sales of their created apps. If the revenue information were to be disclosed publicly, competing third party app developers would gain access to financial revenue they otherwise would not have. Such a result would be prejudicial and afford third party app developers an unfair advantage. Indeed, courts have sealed documents to prevent public disclosure of just such sales and revenue information. *See, e.g.*, *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-CV-1308 (RJS), 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting request to seal documents in summary judgment briefing and exhibits concerning Playtex's sales and revenue). And, courts recognize competing third party interests are to be considered. *See, e.g.*, *Dorsett v. Cty. of Nassau*, 762 F. Supp. 2d 500, 521 (E.D.N.Y. 2011) ("the privacy interests of third parties carry great weight in the balancing of interests").

## Conclusion

For the reasons stated above, Samsung's proposed redactions to the Transcript are appropriate and narrowly tailored to protect the competing interests, and therefore, Samsung respectfully requests that this Court enter an Order: (1) sealing the unredacted version of the Transcript, and (2) maintaining the redactions of the publicly filed version of the Transcript.

Respectfully submitted,

/s/ Randi W. Singer

Randi W. Singer

cc: All Counsel of Record (via ECF)  
    Court Reporter Kristen Carannante (via ECF and email at kcarannante@sdreporters.com)