WILMERHALE

March 3, 2022

**Christopher R. Noyes**

**VIA ECF**

+1 212 295 6823 (t)
+1 212 230 8888 (f)
christopher.noyes@wilmerhale.com

The Honorable Loretta A. Preska

United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2220
New York, NY 10007-1312

> Any response shall be submitted by March 8, and any reply by March 11.  The parties shall appear for a telephonic conference on March 15 at 2:00 p.m.  Dial in (877) 402-9753; Access code 6545179.  SO ORDERED.
>
> *Loretta A. Preska*
> 3/4/2022

   Re:  *Montres Breguet S.A. et al. v. Samsung Electronics Co. Ltd. et al.*,
        Case No. 1:19-cv-01708-LAP

Dear Judge Preska:

Plaintiffs Montres Breguet S.A. et al. ("Swatch Group") write pursuant to Local Civil Rule 37.2 to seek an informal conference regarding three discovery disputes related to Swatch Group's requests for production of documents (the "document requests").  Swatch Group and Defendant Samsung Electronics Co. Ltd. et al. ("Samsung" and together with Swatch Group, "the Parties") have exchanged correspondence and had a telephonic conference to narrow their disputes without court intervention but have been unable to reach resolution on these remaining issues.  Indeed, Samsung made a substantial document production in January 2022 that accounts for the majority of the documents it has produced to date.  Counsel for Swatch Group has now completed its review of that production and it is clear that there are significant gaps in Samsung's document production on key issues in the case.

   I. **Samsung Should Produce Documents Relating to the Origins of its Customizable Watch Faces Dating Back to May 1, 2013.**

Swatch Group has requested that Samsung produce documents dating back to May 1, 2013, because according to multiple public sources, Samsung watch faces first became customizable in 2013.[1]  Samsung's initial decision to market watches that could be customized is highly relevant to Swatch Group's claims of trademark infringement.  Samsung has promoted its Galaxy watches in large part based on the customizability of the watches and users' ability to select watch faces—including the infringing watch faces—to display on the watch.  *See, e.g.*, February 24, 2020 Motion to Dismiss Hearing Transcript at 23:15-19; 24:7-19.  Accordingly, Swatch Group is entitled to documents and information concerning the rationale underlying Samsung's decision to begin offering this functionality, the expected benefits underlying the strategy to emphasize customizable watch faces in the marketing Samsung watches, and Samsung's expectations for the development of watch face apps for use on the Samsung watches as these have a direct influence on watch faces at issue.  Such documents are relevant to at least: (1)

---

[1] *See, e.g.*, https://www.youtube.com/watch?app=desktop&v=6rO-_SREDjQ.

The Honorable Loretta A. Preska
Page 2

**WilmerHale**

Swatch Group's position that watch face apps were critical components of the ecosystem that Samsung sought to develop to support its watches; (2) Samsung's knowledge of and desire that third-party developers produce watch face apps that copied the trademarks of luxury watch makers, such as those of Swatch Group; and (3) the damages to which Swatch Group is entitled.

Samsung has only agreed to produce documents dating back to January 1, 2015, on the grounds that the first infringing watch face apps at issue in this litigation became available on the Samsung Galaxy Store in October 2015. Samsung's proposed date cut-off imposes an improper limitation on relevant discovery because it is likely to omit relevant documents relating to Samsung's initial approach to and strategy for the Galaxy Watch ecosystem, including customizable watch faces. Further, searching for and producing additional documents between May 1, 2013 and January 1, 2015—presumably all or nearly all electronic documents—is not unduly burdensome. Indeed, Samsung has not articulated why such a search would be unduly burdensome. Accordingly, Swatch Group requests that the Court order Samsung to search for and produce documents back to May 1, 2013.

## II. Samsung Should Produce Documents Regarding the Galaxy Watch

Swatch Group has requested that Samsung produce documents relating to the advertising and marketing of Galaxy watches, policies and procedures for the review and approval of apps submitted for uploading to the Samsung Galaxy Store ("the Samsung Store"), and certain revenue and sales figures related to Galaxy watches.

Samsung has only agreed to produce documents relating to the infringing watch face apps (and the promotion of smartwatches insofar as they reference watch face apps). This is not sufficient. From the outset of this case, it has been Swatch Group's position that Samsung promotes its watches based on the ability to customize the watch face, as well as the vast selection of watch faces available to make it look like a real watch for download via the Samsung Store, including the infringing watch face apps at issue in this case. As the Court recognized, Swatch Group's Amended Complaint alleges that Samsung "'use[s]' the Swatch Group Companies' marks as part of a complete commercial ecosystem supporting and increasing the sales of their smart watches, first promoting them on the basis of the ability to customize the watch face, then by advertising the infringing watch faces on a platform that defendants operate to sell apps for Samsung smart watches, and, finally, by causing the marks to be displayed on the watches." *See* February 24, 2020 Motion to Dismiss Hearing Transcript at 23:6 - 24:19.

Documents relating to Samsung's overall strategy for its smartwatches, including the importance of the watch face and defendants' goal to make Samsung smartwatches appear to be "real" watches, setting aside the availability of particular watch face apps, are relevant to Samsung's motivation for allowing third-party developers to develop infringing watch face apps and offer those apps in the Samsung Store. Samsung uses the customizability and realistic visuals of the watch face to promote its smartwatches and to drive overall sales of the watches. As such, Samsung's refusal to produce information concerning its plans for, marketing, promotion, and sales of the watches, as opposed to just watch face apps, is an improper attempt to limit Swatch

The Honorable Loretta A. Preska
Page 3

**WilmerHale**

Group's damages discovery despite Swatch Group's allegations that Samsung's marketing and promotion of customizable watch faces is an important reason why customers purchase Galaxy watches.  Documents relating to the marketing and sale of Samsung's smartwatches, including sales figures, are thus highly relevant to both (1) Samsung's state of mind related to the use of Swatch Group trademarks and (2) the quantification of damages.

Swatch Group therefore requests that the Court order Samsung to produce responsive information relating to the Samsung watches and Samsung Store, not just the watch face apps.

### III. Samsung Should Produce Documents and Communications Between Samsung and Third-Party Galaxy Watch Face Developers and About Samsung's Decision and Strategy to Use Third-Party Developers

Swatch Group has requested communications between Samsung and third-party watch face app developers and documents regarding Samsung's decision to use third-party developers.  Samsung has agreed to produce policies and procedures related to and communications with watch face app developers only to the extent they address intellectual property issues.  Samsung has refused to produce other communications with third-party watch face app developers.

Samsung's communications with third-party watch face app developers are relevant to address Samsung's assertion that it is not responsible for infringement by these developers and its reliance on that position in its defense of this case, as well as Swatch Group's allegations that Samsung's infringement was willful.  Among other things, Samsung encouraged watch face app developers to develop apps to look like "real" (non-digital) watches, as evidenced by publicly available documents and videos.  *See* Dkt. No. 63 at 2-3.  Swatch Group has alleged that these activities are all part of a broader strategy to market and promote the Samsung watches.  Therefore, Swatch Group is entitled to discovery on Samsung's communications with watch face app developers, not just those that specifically discuss IP issues.  Given that these communications are highly relevant to Swatch Group's claims, Samsung's vague complaints about burden do not outweigh their relevance.

\*\*\*

The parties have attempted to narrow the issues in dispute.  Although they have resolved certain issues, they have been unable to resolve the above disputes.  Accordingly, and in light of the reasons set forth above, we respectfully request that that the Court grant a pre-motion conference to address the above discovery disputes.

Sincerely,

*/s/ Christopher R. Noyes*
Christopher R. Noyes

cc: All Counsel of Record (via ECF)